(158 App. Div. 523.)

### In re WILKINS.

(Supreme Court, Appellate Division, First Department. October 27, 1913.)

1. ELECTIONS (§ 36*)—CALLING ELECTION—CONGRESSIONAL ELECTION.

Under the Election Law (Laws 1909, c. 23 [Consol. Laws 1909, c. 17] as amended by Laws 1911, c. 891) § 292, providing that any vacancy occurring before October 15th in any office authorized to be filled at a general election shall be filled at the next general election, a vacancy occurring September 1st in the office of Representative in Congress is to be filled at the general election in November following, though no writ of election to fill the vacancy has been issued by the Governor in compliance with Const. U. S. art. 1, § 2, subd. 4.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 25; Dec. Dig. § 36.*]

2. ELECTIONS (§ 154*)—GOVERNMENT AND OFFICERS—CONGRESS—DETERMINATION AS TO ELECTION OF MEMBERS.

Whether the election of a Congressman to fill a vacancy is to be recognized as valid or invalid because no writ of election to fill the vacancy was issued by the Governor in compliance with Const. U. S. art. 1, § 2, subd. 4, is a matter for Congress and not the court to determine.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

Appeal from Special Term, New York County.

Application by William J. Wilkins to review the action of William B. Lambert and another, as Chairman and Secretary of the Democratic Congressional Committee for the Thirteenth District, and the Board of Elections of the City of New York, in designating George A. Loft as a candidate for Congress. From an order denying his motion to reverse the order of the Board of Elections, the petitioner appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

George Edwin Joseph, of New York City, for appellant.

A. S. Gilbert, of New York City, for respondents Robson and Rothman.

John G. Saxe, of New York City, for respondent William B. Calvert.

INGRAHAM, P. J. [1] Timothy D. Sullivan was duly elected Representative in Congress for the Thirteenth congressional district for the term beginning March 4, 1913, and ending March 4, 1915, at the general election in November, 1912. On September 1, 1913, by his death a vacancy was created in said office, and the representatives of the various parties in New York nominated candidates for Representative in Congress to fill the vacancy; but the petitioner, who is a citizen and duly qualified voter within the Thirteenth congressional district of the state of New York, objected to the Bureau of Elections placing the name of this candidate upon the official ballot upon the ground that the Governor of the state of New York had not issued a certificate of election to fill said vacancy, as provided for by article 1, § 2, subd. 4, of the Constitution of the United States.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·The question arises under section 292 of the Election Law (chapter 22 of the Laws of 1909 [Consol.] Laws 1909, c. 17] as amended by chapter 891 of the Laws of 1911), which provides that:

"A vacancy occurring before October fifteenth of any year in any office authorized to be filled at a general election, shall be filled at the general election held next thereafter, unless otherwise provided by the Constitution, or unless previously filled at a special election."

It was also provided that:

"A special election shall not be held to fill a vacancy in the office of a Representative in Congress unless such vacancy occurs on or before the first day of July of the last year of the term of office, or unless it occurs thereafter and a special session of Congress is called to meet before the next general election, or be called after October fourteenth of such year."

The first clause of this section would seem to provide for the filling of a vacancy occurring before October 15th of any year at the general election to be held in the following November. This provision of the Election Law seems to me to justify the Bureau of Elections in filing the proper nominations for member of Congress, although the Governor has issued no certificate of election to fill such vacancy.

[2] Whether or not Congress will recognize the election of the Congressman so elected is a matter for Congress and not for this court to determine. See Matter of Independent Nominations, 186 N. Y. 279, 79 N. E. 708. It is also provided that the Secretary of State shall issue what is called a "supplementary call" for an election to fill the vacancy caused by the death of a Representative in Congress for this district; but whether such a call is a writ of election issued by the executive authority of the state it is not necessary for us to determine. There is a vacancy, under section 292 of the Election Law, that occurred before the 15th day of September, and therefore is to be filled at the General Election in November following.

· We think that under the law of the state of New York the nomination was regular, and it follows that the order appealed from must be affirmed. All concur.