Per Curiam.

On September 9, 1958 an independent nominating petition, nominating appellant Benjamin J. Davis for the office of State Senator, 21st Senatorial District, was filed in the office of the Board of Elections of the City of New York. There were 5,988 signatories to this nominating petition, and this group adopted the name of Peoples Bights Party. Subsequently, and as a result of written objections filed with it, the Board of Elections found that 3,580 of the signatories had not registered at the time of the last preceding general election. Additional signatures, not involved here, were found invalid for various other reasons. The invalidation of the afore-mentioned 3,580 signatures brought the total number of signatories below 3,000, the number required by law (Election Law, § 138, subd. 5, par. [c], cl. [4]); hence, the nominating petition was declared invalid.
Section 138 of the Election Law prescribes the requirements for independent nominating petitions, and subdivision 6 thereof provides, in part, as follows: “ The name of a person signing such a petition for an election for which voters are required to be registered shall not be counted if such person was not registered at the time of the last preceding general election as a qualified voter; * * V' Appellant's principal contention, arid the only one to which we deem it necessary to refer, is that this provision is arbitrary and violative of section 1 of article I of the Constitution of this State in that it disfranchises citizens who, though qualified to vote, did not register at the time of the last preceding general election.
Section 1 of article I of the New York Constitution declares that “No member of this state shall be disfranchised, or *69 deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers.” It is true, as the appellant asserts, that this franchise includes the right to participate in the nomination of candidates as well as the right to vote (Matter of Hopper v. Britt, 204 N. Y. 524, 531; Matter of Burke v. Terry, 203 N. Y. 293, 295). As this court said in Matter of Burke v. Terry (supra, p. 295): “ The franchise of which no ‘ member of this state ’ may be deprived is not only the right of citizens who possess the constitutional qualifications to vote for public officers at general and special elections, but it also includes the right to participate in the several methods established by law for the selection of candidates to be voted for”. But the exercise of these correlative rights is subject, in the manner of their exercise, to the plenary power of the Legislature to promulgate reasonable regulations for the conduct of elections (People ex rel. Hotchkiss v. Smith, 206 N. Y. 231, 242; Matter of Burke v. Terry, supra, pp. 295-296). Under subdivision 6 of section 138 the Legislature has conditioned the exercise of the right to sign an independent nominating petition upon registration at the time of the last preceding general election. Prior to 1954 that subdivision required registration during the election year. Doubtless the purpose of the 1954 amendment was to remedy practical difficulties in the administration of elections insofar as independent nominating petitions are concerned. It is presumed that there is a factual basis and necessity for this legislative action (Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413, 415). Appellant has not rebutted this presumption. To the extent that this statute affects those citizens who did not avail themselves of the opportunity to register at the time of the last preceding general election, we perceive no constitutional infirmity in it. Presumably based upon administrative necessity, it requires only that a citizen preserve his right to sign an independent nominating petition by faithfully performing his duty as a citizen. The franchise conferred by the Constitution gives rise not only to a right, but also a duty, and this statute merely attaches reasonable consequences to the nonperformance of that duty in the interest of administrative necessity.
*70 Appellant challenges the constitutionality of the statute also on the ground that it disfranchises those citizens who have become eligible to vote only since the last general election, e.g., voters recently coming of age, becoming naturalized, acquiring residence, etc. However, the record before us fails to disclose that even one of the 3,580 signatories in question was not qualified to register for the last preceding general election. Indeed, no such contention is made, as noted in the Appellate Division opinion. Consequently, we do not reach the question of whether section 138 violates section 1 of article I of the New York Constitution because it affects persons of that class. Appellant has made no showing that he is aggrieved by the statute.