(October 16, 1964)

■ In the Matter of Joseph Amato et al., Appellants, v. Joseph Epstein et al., Constituting the Board of Elections of the County of Ulster, Respondents. William Sinsabaugh, Intervenor-Respondent.

*Per Curiam.* Appeal from an order of the Supreme Court which dismissed the petition in a proceeding seeking, among other things, "an order declaring that a vacancy occurred" in the office of Alderman of one of the wards in the City of Kingston, by reason of the resignation of the incumbent, and "compelling" the respondent Board of Elections "to hold an election to fill the said vacancy".

The Special Term erred, in our view (and as appellants now concede), in holding that the provisions of the Public Officers Law (§ 31, subd. 1, par. h; §§ 2, 3 [L. 1892, ch. 681, § 21]) control as against the provisions of the Kingston City Charter (L. 1896, ch. 747) which, by section 20, provides that resignations of officers "shall be presented to the mayor in writing, and shall be effective when accepted by him and filed with the city clerk". We deem directory merely the provision that the resignation, after acceptance by the Mayor, be filed with the City Clerk. That the charter, a special act, takes precedence over the general statute seems too clear to require discussion. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 396, 397, and cases there cited.)

However, the petition must be dismissed on other grounds. A vacancy is required to be certified by the City Clerk to the Board of Elections (Election Law, § 67). In its answer here, the Board of Elections quite reasonably notes that it has received no official notice or certification and that notice is essential before it can accede to petitioners' demand and that there "must be other interested and necessary parties to this proceeding who have not been named therein in as much as this Board did not have any right to declare an office vacant or to place any office on the ballot until the proper city official certified that such office was to be filled and it appears to this respondent that the city clerk should have been named a party to this proceeding". This position seems to us correct whether it is considered that this proceeding is a declaratory judgment action, an article 78 proceeding or a proceeding under section 330 of the Election Law or whether, as respondents contend, it partakes of all. Despite the three months' period specified in section 67, above referred to, we consider that the duty to notify devolves upon the City Clerk in the case of any vacancy occurring before September 20 (Public Officers Law, § 42).

Neither the City Clerk, nor the Mayor, who was required to transmit to the Clerk any resignation is a party here. We consider each indispensable as in their absence no effective order or direction of the nature contemplated by the petition can be made. Additionally, it seems reasonably clear that there exist questions of fact concerning, among other things, the fact and effect or continued effect of the first purported resignation and that which is said to have been filed after September 20.

We are obliged to note our complete disapproval of the seven days' delay which ensued in perfecting the appeal and bringing it on for argument.

By dismissal without prejudice we do not, of course, indicate that a new proceeding against proper parties will be timely, proper or effective.

Order modified on the law and the facts so as to provide that the application be denied and the petition dismissed, without prejudice; and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.