MARGARET Cox et al., Individually and on Behalf of All Other Citizen-Electors of the City of New York, Appellants, v. HERMAN KATZ, as City Clerk of the City of New York, et al., Respondents, and LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Intervenor-Respondent.

First Department, September 19, 1968.

*Milton H. Friedman* and *Marshall Perlin* for appellants.

*Robert E. Hugh* of counsel (*J. Lee Rankin, Corporation Counsel*), for respondents.

*Philip Weinberg* of counsel (*Samuel A. Hirshowitz* and *George D. Zuckerman* with him on the brief), for intervenor-respondent.

McNALLY, J.  Plaintiffs, electors of the City of New York, challenge as unconstitutional various statutes implementing the establishment of the city-wide court of civil jurisdiction. Defendants are the City Clerk and the Commissioner of Elections, constituting the Board of Elections in the City of New York.

The statutory provisions for the election of the Judges are allegedly violative of the New York State Constitution because of noncompliance with the provision for their election '' by the electors of the counties included within the city of New York from districts within such counties established by law '' (art VI, § 15, subd. a.)  Plaintiffs also contend that the statutory provision for the election at the General Election to be held in November, 1968 of 25 additional Judges (L. 1968, ch. 987, § 17) is invalid and contrary to section 1 of article I and section 1 of article II of the New York State Constitution securing franchise, and violative of the equal protection clause of the Fourteenth Amendment and the Fifteenth Amendment of the United States Constitution.

The New York State Constitution was amended November 7, 1961, effective September 1, 1962, to enable the Legislature to establish a single court of city-wide civil jurisdiction. Section 15 of article VI provides, in part: '' The judges of the court of city-wide civil jurisdiction shall be residents of such city and shall be chosen for terms of ten years by the electors of the counties included within the city of New York from districts within such counties established by law.''

Article VI (§ 35, subd. c) of the Constitution makes provision for the abolition of the City Court and the Municipal Court of the City of New York and the transfer of the Justices thereof to the city-wide court.

In accordance with the constitutional mandate, the Legislature established the Civil Court of the City of New York (L. 1962, ch. 693), abolished the Municipal and City Courts of the City of New York and constituted the Justices thereof Judges of the Civil Court (CCA, § 2201; L. 1962, ch. 694). Subsequent annual amendments of chapter 694 provide that a vacancy in the office of Judge of the Civil Court formerly a Justice of the Municipal or City Court is to be filled by the electors of the county, in the case of a former Justice of the City Court, or his successor, and in the case of a former Justice of the Municipal Court, or his successor, by the electors of the former Municipal Court district. The 25 additional judges provided for by chapter 987 of the Laws of 1968 are allocated among the five counties of the City of New York.

Plaintiffs allege the several political parties propose to make nominations for the 25 additional judicial offices and the City Clerk is about to certify that 25 additional judges are to be elected at the General Election in 1968 in contravention of the rights of the electors of the City of New York to nominate candidates for such offices.

The aforesaid statutory allocation of Judges is presumptively constitutional. (*Wasmuth* v. *Allen*, 14 N Y 2d 391, 397; *I. L. F. Y. Co.* v. *City Rent & Rehabilitation Administration*, 11 N Y 2d 480, 490.) The establishment of the city-wide court of civil jurisdiction served to merge the former City Court and Municipal Court of the City of New York. The Justices of the merged Municipal Court had been elected from Municipal Court districts within each county, and the Justices of the merged City Court had been elected from each of the counties within the city. It was necessary to enable the Legislature to establish judicial districts for the city-wide court in the light thereof. Patently it was not intended to compel the Legislature

to discard the county basis formerly utilized for the election of Justices of the City Court. It is also evident that the constitutional provisions for the city-wide Civil Court do not purport to resolve the feasibility of extending to it the former Municipal Court districts as the basis for the election of Judges of the city-wide court.

We construe the provisions of art. VI (§ 15, subd. a) for the election of Judges of the city-wide Civil Court to enable the Legislature to provide for their election by the electors of each of the counties within the city, and to resolve whether or not to allocate Judges to districts within such county in the light of the fact that Justices of the Municipal Court had been elected from districts within each county.

The Legislature has seen fit to provide for county-wide election of former City Court Justices and their successors as well as the 25 additional Judges, and for the election of former Municipal Court Justices and their successors from the former Municipal Court districts. We may not sit in review of the discretion exercised by the Legislature or its wisdom. (*People* v. *Friedman*, 302 N. Y. 75, 79.)

The said legislative provisions for the allocation and election of Judges of the city-wide Civil Court do not infringe the right of franchise or the equal protection provisions of the United States and New York State Constitutions. There are many relevant factors in the allocation of Judges, including population, volume and nature of litigation, location of governmental agencies and officials and transportation facilities. In contrast, the election of legislators involves the constitutionally protected right of each individual to an equal, undiluted vote regardless of race, color, creed or religion. There is no constitutional requirement for allocation of Judges on the sole basis of population. (*New York State Assn. of Trial Lawyers* v. *Rockefeller*, 267 F. Supp. 148; *Kail* v. *Rockefeller*, 275 F. Supp. 937.)

The asserted inability of certain minority groups to nominate or elect a Judge of their own persuasion does not afford a constitutional basis for relief. Even as to legislators it has been said: " The principle of equality is at war with the notion that District A must be represented by a Negro, as it is with the notion that District B must be represented by a Caucasian, District C by a Jew, District D by a Catholic, and so on, * * * That system, by whatever name it is called, is a divisive force in a community, emphasizing differences between candidates and voters that are irrelevant in the constitutional sense."

(*Wright* v. *Rockefeller,* 376 U. S. 52, 66, DOUGLAS, J., dissenting; *Mann* v. *Davis,* 245 F. Supp. 241, 245, affd. 382 U. S. 42.)

In the light of the existing circumstances, it is within the competence of the political parties of the City of New York to nominate candidates for the position of 25 additional judges. Section 1 of article I of the New York State Constitution provides, " No member of this state shall be disfranchised ". This franchise includes the right to participate in the nomination of candidates. The Legislature, however, may regulate the right within reasonable limitations. (*Matter of Davis* v. *Board of Elections,* 5 N Y 2d 66, 69.)

Involved are extraordinary circumstances. The act providing for the additional 25 Civil Court Judges (L. 1968, ch. 987) provides (§ 17) it shall take effect June 1, 1968, but that the Judges shall first be elected at the General Election in November, 1968, and shall take office January 1, 1969. The act was signed and became effective June 22, 1968, after the spring primary had been held.

Subdivision 2 of section 30 of the Public Officers Law provides: " When a new or an additional office shall be created, such office shall for the purpose of an appointment or election, be vacant from the date of its creation, until it shall be filled by election or appointment."

Subdivision 7 of section 131 of the Election Law enables a party nomination to fill a vacancy occurring after the primary by a majority of the county committee if the office is not State-wide. (*Matter of Adler* v. *Board of Elections,* 57 Misc 2d 696.)

Appellants argue that chapter 987 is so framed as to preclude interim appointments by the Mayor of the City of New York to fill the newly created judicial offices. Hence, they argue, since there is no vacancy in the light of the Mayor's power to appoint, there is none with respect to the power to nominate of the county committee. The answer is that the statute creating the new judgeships mandates their election in November, 1968 and precludes their taking office prior to January 1, 1969, thus precluding any interim appointment.

For the reasons above stated, the order denying appellants' application for a temporary injunction and dismissing the complaint should be affirmed, with costs.

STEUER, J. P., TILZER and McGIVERN, JJ., concur.

Order entered on August 29, 1968, unanimously affirmed, with $50 costs and disbursements to the respondents.