Per Curiam.

We agree with the decision of the Appellate Division and concur with the views expressed in its opinion. We would simply add a few lines to point up the federal questions urged upon us by the plaintiffs.
There is no basis for the application of the “ one man-one vote” principle to the present case. That doctrine, designed to assure representative government in a democracy such as ours, was never intended to regulate the election of judges whose functions are solely judicial. There is neither reason nor justification for a requirement that judges be distributed or allocated throughout a state or city on a per capita basis. Legislatures are responsible for enacting laws by which all citizens are to be governed, and, accordingly, ‘6 they should be bodies which are collectively responsive to the popular will.” (See, e.g., Reynolds v. Sims, 377 U. S. 533, 565.) However, the judiciary, differing radically from the Legislature, is not responsible for achieving representative government. As one court has put it, 11 population is not necessarily the sole, or even the most relevant, criterion for determining the distribution of state judges. The volume and nature of litigation arising in various areas of the state bears no direct relationship to the population of those areas.” (New York State Assn. of Trial Lawyers v. Rockefeller, 267 F. Supp. 148, 153-154; see, also, Kail v. Rockefeller, 275 F. Supp. 937; Buchanan v. Rhodes, 249 F. Supp. 860, app. dsmd. 385 U. S. 3; Stokes v. Fortson, 234 F. Supp. 575, 577.)
The function of judges, it is manifest, is to apply the law, not to represent or champion the cause of a particular constituency. More specifically, the judges of the New York City Civil Court (with which we are concerned) do not act collectively. They are not to be elected to represent a particular point of view. The Civil Court does not receive cases on the basis of the racial or ethnic origins of the parties or of their places of residence within the city. Quite obviously, the Legislature is called upon to exercise a far different kind of discre *906 tion in determining how judges are to be allocated to geographical areas, and how they are to be chosen, than it exercises — or would be free to exercise — in establishing electoral districts or in prescribing methods of nomination for the election of legislators or of those vested with legislative functions.
The order appealed from should be affirmed, without costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order affirmed.