George D. Burchell, J.
This is a special proceeding commenced pursuant to section 330 of the Election Law to declare the rights of the petitioner to vote in a special election on June 18, 1974 .in the City of White -Plains 'by absentee ballot. The petitioner has alleged that she will be on vacation-on the day of June 18, 1974 and that she has been informed by the Deputy Commissioner of_the Board of Elections that absentee ballots for persons who -are on vacation were not authorized under section 117 of the Election Law-for a-special election.
It is the contention of the petitioner that the refusal by .the respondent is- a limitation .on her right to sufferage■ and that section 117 of the Election Law should not .constitutionally include a limitation restricting the right to absentee ballots.
. Section 117 (subd. 1, par. c) of the Election Law provides that a qualified voter who, on the occurrence of any general election, may be absent'from the county of his residence because he is on vacation elsewhere.on the day of ..election, may apply for and vote by absentee ballot. .Section 1 of article II of the New York State Constitution provides that every citizen shall be entitled -to vote at-every election for all officers elected by the People* Section 2 of .article II of the New York State Constitution empowers the Legislature to provide for absentee ballots. The Legislature may, by general law, provide for the manner in which such votes may be taken. It is the contention of the petitioner that sections 1 and 2 of article II of the Constitution prohibit the Legislature from limiting absentee balloting to general elections- only.
"The Legislature has the right to provide for absentee .ballots and further, the right to allow the same only at general elections of in other specified situations. It is riot the petitioner’s right to vote which is at stake here, but the right to receive an absentee ballot. Due to the relatively trivial inconveniences enconn *336 tered by a voter unable to vote by absentee ballot when other means of exercising the right to vote are available, tine court rejects the petitioner’s argument that strict scrutiny of the statutory classifications is required. (O’Brien v. Skinner, 414 U. S. 524, 531 [concurring opn.].)
The Legislature has broad authority absent any constitutional 'limitations to establish rules regulating the manner of conducting both special and general elections. "While the Legislature may not, by enacting statutes, infringe or restrict a citizen’s right to vote, the Legislature does have' the authority to proscribe the manner of voting. "While there is a constitutional right to vote, therp is no such constitutional right to an absentee ballot. The Supreme Court in the case of McDonald v. Board of Election (394 U. S. 802), held that the State has the right to proscribe methods for absentee voters. The Legislature may not use this ^authority in such a way as that it would oper ate as a restriction which is so severe as to constitute an unconstitutionally onerous burden on -the exercise of -the right to vote. (O’Brien v. Skinner, supra.) Such is not the case before this court.
The petitioner further contends .that since servicemen and military voters have the right to vote in special elections, that she is being deprived of hér rights under the unequal protection of the law’s doctrine. Subdivision 1 of section 302 of the Election Law allows servicemen and military voters to vote in special elections. As the challenged statute denies the right to vote to some citizens and other sections grant the right to others in similar, situations, the courts must determine whether the exclusions are necessary to promote a compelling • State interest. (O’Brien v. Skinner, supra.) This rationale applies only to tibe right to vote and not the. right to demand and receive an absentee ballot. If the, Legislature had by enactment of this statute effectively denied the petitioner her right to vote, then the rationale of O’Brien would certainly be controlling. The petitioner’s' contention that the burden is on the respondent to prove a compelling State interest which justifies the. denial of an absentee ballot, is a misinterpretation of the O’Brien case. The Supreme Court in the case of McDonald v. Board of Election (supra) has indicated that the -State Legislature should be allowed to reform their election statutes at one step at a time. The court in upholding the statute classified it as remedial in nature" and further stated that it should not be invalidated merely because it does not cover all classes of persons who might benefit from it. The Legislature has provided for absentee *337 ballots in primaries and special village elections, but has not seen fit to extend the right to vote by absentee ballot at special elections in nature .of the one in issue. It is apparent that the Legislature has demonstrated a pattern and a plan of extending the right to absentee ballots. Any unequal effect of the statutes is the result of the Legislature’s failure to extend these “ remedial ’ ’ provisions a little further. This court will not function in such a manner so as to fill in the voids that the Legislature has seen fit to allow. It is for the Legislature to exercise its authority rather than this court to legislate judicially and grant the absentee .voting rights sought.
It should be noted that the court does not find that the petitioner is receiving unequal treatment under the laws. The Legislature in its authority, has provided for servicemen and military voters to receive absentee ballots and to vote in special elections. These individuals are compelled to be away from the State by government authority and are not voluntarily taking a vacation on the day of a special election. To deny a serviceman a right to an absentee ballot is in effect denying his right to vote; for the Government cannot both compel a citizen to leave the State and yet, prevent him from going to the polls by denying him an alternative means of casting his ballot. Such is not the case with people who leave the State for vacations.
General elections come about at set or designated times, whereas special elections are called of necessity by the Governor on short notice. The Legislature, fully cognizant of the distinction between the two, saw fit to not allow absentee ballots in cases of special elections.
Wherefore, it is ordered that the petitioner’s application is denied.