Victor J. Orgera, J.
Plaintiff, individually and on behalf of all those entitled to vote by absentee ballot in the Town of Brookhaven in the general election of November 4, 1975, seeks a preliminary injunction to enjoin the Suffolk County Board of Elections from certifying Stuart Namm as the person elected to the position of District Court Judge of the Town of Brookhaven.
The plaintiff has commenced an action for a declaratory judgment, in which he alleges that plaintiff and defendant Namm were candidates for the office of Suffolk County District Court Judge for the Town of Brookhaven, in the general election of November 4, 1975; that the counting of the ballots resulted in a vote of 34,059 for Namm and 33,778 for plaintiff (an official recanvass narrowed the margin to 58 in favor of *743 Namm); that absentee ballots were mailed to 1,130 qualified voters, 939 on October 29, 1975 and 191 on October 30, 1975; that 540 of the absentee ballots were received by the Board of Elections before a court-determined deadline of 4:00 p.m. November 4, 1975 and were counted, and that 150 absentee ballots were received thereafter and have not been counted, and that 440 were not returned at all. The complaint alleges that because of the late mailing by the Board of Elections the absentee voters were disfranchised; that if the mailing had been timely the result could have been different and that because of the disfranchisement the election cannot stand and must be declared null and void and a new election ordered.
The defendant Board of Elections cross-moves to dismiss the summons and complaint on the grounds of res judicata and that the action is not a proper class action.
Defendant Namm cross-moves to dismiss the complaint on the grounds that there is another action pending, res judicata, and on the grounds that the complaint fails to state a cause of action.
The plaintiff does not seriously contend that the action is a class action and in his reply affidavit states that it is not a class action but a representative action. In any event, it fails to meet the criteria set forth in CPLR 901 and will not be accorded class action status. The court, however, will consider the complaint as an action for declaratory judgment which is a proper proceeding under the facts herein and the nature of the relief sought (Sheils v Flynn, 252 App Div 238).
The prior and pending actions referred to by defendants is a proceeding brought by plaintiff pursuant to section 330 of the Election Law, which is now on appeal to the Appellate Division. In that proceeding plaintiff seeks an order for the recanvassing of the 150 absentee ballots received after the deadline and for certain other relief, none of which is asked for in this action. Whatever the ultimate outcome of that proceeding, the relief sought here, namely, to void the entire election, was not asked for there and cannot be granted there (Matter of Corrigan v Board of Elections of Suffolk County, 38 AD2d 825). Accordingly, those parts of the motion to dismiss on the ground of res judicata and another action pending must fall. However, the court would point out that the principle of collateral estoppel would apply as to any fact determinations made in that proceeding which may be common to this action.
The court is now left with the challenge to the complaint *744 that it fails to state a cause of action, and, if it does, whether plaintiff is entitled to a preliminary injunction.
The plaintiff in paragraph 4 of his affidavit in support of his motion for a preliminary injunction, places his right to the relief sought on his assertion that "The whole crux of plaintiff’s case lies in the very late mailing of certain absentee ballots by the Suffolk County Board of Elections, so that a large class of voters, namely, the absentee voters, were disenfranchised.”
In considering the cross motion, the court will assume the truth of all the factual allegations of the complaint and will assume that the plaintiff would, on a trial, establish the facts that would be most favorable to his case, namely, that out of a total of 1,130 elegible absentee voters to whom ballots were mailed, a total of 590 were mailed out too late to enable the absentee voters to return them in any manner to the Board of Elections in time to be counted, and further that these voters were not physically able to cast their votes in person on Election Day. However, the court must recognize and consider Mr. Justice Lazer’s finding in the prior proceeding that judicial restraining orders issued in connection with independent nominating petitions "prevented the printing and mailing of the Brookhaven absentee ballots until late in the evening of October 29th when 939 were sent out. The balance were mailed on the afternoon of the 30th as a result of delay caused by a printing error.” (Colaneri v McNab, Supreme Ct, Suffolk County, Nov. 24, 1975, Lazer, J.). The question which must be decided here is, would those facts, as a matter of law, be such a disfranchisement of the electorate as to void the entire election, or, in spite of these facts, would the election be a valid one.
While there is a constitutional right to vote, there is no constitutional right to an absentee ballot (Eber v Board of Elections of County of Westchester, 80 Misc 2d 334). Section 2 of article II of the New York State Constitution empowers the Legislature to provide for absentee ballots. Sections 117-123 of the Election Law set forth certain eligibility requirements for absentee voters and the procedures and manner in which such voting will be accomplished. Subdivision 8 of section 118 requires the Board of Elections, after determining that an absentee voter is qualified, "it shall, as soon as practicable * * * mail to him * * * an absentee ballot.” (Emphasis added.) Plaintiff’s reliance on subdivision 10 of section 118 is *745 misplaced as this subdivision relates to when the determination of eligibility must be made.
"There should be a substantial compliance with statutory regulations governing the transmission and delivery of absentee ballots * * * and the various officials involved should carry out their duties by the most expeditious means; but a substantial compliance with the statute in such respects is sufficient, and, except as to provisions held mandatory, absentee voters will not be disfranchised because of mistakes, impropriety, or omissions of the election officials in the performance of their duties.” (29 CJS, Elections, § 210 [6].)
In State ex rel. School Dist. of City of Jefferson v Holman (349 SW2d 945, 949 [Mo]) the court stated:
"We rule that such failure on the part of officials to comply with the requirement * * * to furnish absentee ballots 30 days before an election does not void an election. This requirement is directory and not mandatory. If it were otherwise, an official could, through a mere negligent act or by wilful conduct void an election. Certainly, no one could successfully contend that an election otherwise regular could be set aside merely because an official failed to furnish absentee ballots 30 days before an election.
"The rule that such requirement is directory only is in harmony with common sense and justice.”
"The will of the electors expressed at an election, of which legal notice has been given, may not be defeated by the failure of officials to carry out directions intended to make the machinery of election more effective. The provisions of statutes intended for the purpose are directly rather than mandatory. In such case substantial performance of a statute is sufficient, and in some cases even failure to perform may be disregarded.” (Burke v Kern, 287 NY 203, 218.)
As to the required time for the mailing of absentee ballots, subdivision 8 of section 118 provides that the same shall be done as soon as practicable. This language is directory and not mandatory, and in this respect the statute does all that it can considering other strictures of the Election Law to provide absentee voters with their ballots. It is the usual resort of constitutional arguments to point out shortcomings of this sort, but the answer to this lies in the following words of Mr. Justice Holmes: "the law does all that is needed when it does all that it can, indicates a policy, applies it to all within the lines, and seeks to bring within the lines all similarly situated *746 so far and so fast as its means allow” (Buck v Bell, 274 US 200, 208).
The finding of Judge Lazer, cited above, that the Board of Elections was prevented from mailing the absentee ballots before October 29 precludes any finding other than that they were mailed as soon as practicable as required by subdivision 8 of section 118 of the Election Law.
Absent any allegations of illegality, fraud, failure to perform a mandatory requirement or other jurisdictional defect in the election, the complaint fails to set forth grounds for affirmative relief, and must be dismissed.
The court declares the absentee ballots were not mailed late as a matter of law, and that the absentee balloters were not disfranchised and that the election of November 4, 1975 for the position of District Court Judge of the Town of Brookhaven is valid and is not null and void.
The motion for a preliminary injunction is denied as moot.