■ In the Matter of ELIOT L. ENGEL et al., Appellants, v BOARD OF ELECTIONS OF THE STATE OF NEW YORK, Respondent. —Per Curiam. Appeal from an order of the Supreme Court

(Kahn, J.), entered October 17, 1988 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, *inter alia,* have petitioner Eliot L. Engel certified as the Liberal Party candidate to fill the vacancy of the unexpired term of the office of Member of Congress, 19th Congressional District, in the November 8, 1988 general election.

Mario Biaggi, Representative in Congress for the 19th Congressional District (hereinafter the office) for the term ending December 1988, resigned his position in August 1988, thereby creating a vacancy in the office. On September 27, 1988, the Liberal Party of the State of New York nominated petitioner Eliot L. Engel, already its candidate for the office for the term commencing January 1989, as candidate for the unexpired portion of Biaggi's term. The Liberal Party filed the appropriate certificate of nomination with respondent, the State Board of Elections. The State Board advised the Liberal Party on October 6, 1988 that the certificate had been determined to be invalid because no election to fill the vacancy had been called.

Engel and petitioner Frank Marin, Chairman of the Liberal Party and its executive committee, commenced this proceeding to compel the State Board to certify Engel as candidate for the unexpired portion of Biaggi's term or, alternatively, to certify Engel, in the event he is elected to the term commencing January 1989, to fill the office for the unexpired portion of Biaggi's term. Supreme Court dismissed the petition, holding that Public Officers Law § 42 (4) precluded the holding of a special election to fill the vacancy created by Biaggi's resignation and that the branch of the petition seeking prospective relief in the event Engel was elected to the office for the term commencing January 1989 was premature. Petitioners appeal.

We affirm, but for different reasons. Although we agree with Supreme Court's determination that Public Officers Law § 42 (4) prohibited the holding of a special election to fill the vacancy because it occurred after July 1 of the last year of the term and no special session of Congress has been called, we disagree with the conclusion that the vacancy could not otherwise be filled. In our view, the vacancy could have been filled at the general election *(see,* Public Officers Law § 42 [1]; *Matter of Wilkins [Calvert],* 158 App Div 523, 524-525 [decided under Election Law former § 292]). As properly contended by the State Board, however, the filing of a certificate indicating the occurrence of the vacancy and the position which is to be filled is a condition precedent to the filling of the vacancy at the next general election (Election Law § 4-106 [4]; *see, Matter*

*of Amato v Epstein,* 22 AD2d 711). Because the State Board was evenly split on the issue of whether Public Officers Law § 42 (4) prohibited the filling of the vacancy, no such certificate was filed and petitioners took no steps to compel its filing at a time when other candidates could have filed certificates of nomination with respect to the vacancy.

Last, there is no authority in law or logic for the premise that the victorious candidate for the office for the term commencing January 1989 should be permitted to fill the unexpired portion of a completely different term. In fact, Public Officers Law § 4 (1) specifically provides that "[t]he term of office of an elective officer, unless elected to fill a vacancy then existing, shall commence on the first day of January next after his election, if the commencement thereof be not otherwise fixed by law".

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.