OPINION OF THE COURT
Harold J. Hughes, J.
The petition will be dismissed, without costs.
Petitioner was elected District Attorney of Schoharie County at the general election of November 7, 1989. Subdivision (1) of section 4 of the Public Officers Law provides in pertinent part that the, "term of office of an elective officer * * * shall commence on the first day of January next after his election”. On January 1, 1990, the annual salary of the *522 District Attorney of Schoharie County was fixed at $26,500. Before taking his oath of office petitioner met with the Board of Supervisors of the County of Schoharie and the Board agreed to pay him an annual salary of $50,000. He asserts that a resolution was passed on January 5, 1990, setting his annual salary at $50,000, and that thereafter he filed his oath of office. On March 16, 1990, the Board of Supervisors reduced petitioner’s annual salary to $26,500, purportedly effective March 16, 1990. This CPLR article 78 proceeding ensued.
The pertinent language of section 201 of the County Law provides that the, "salary of any [county] officer elected or appointed for a fixed term shall not be increased or diminished during the term of his office”.
Petitioner contends that his term of office did not begin to run until he filed his oath, and that the salary of $50,000 set on January 5, 1990, cannot be reduced during his term of office. Respondent contends that petitioner’s term of office commenced on January 1, 1990, so that any resolution increasing petitioner’s salary from $26,500 to $50,000 would be void. It asserts that the annual salary of the District Attorney was never raised, but rather petitioner was paid extra money out of a State fund made available to the county to help prosecute driving while intoxicated (DWI) defendants. Respondent contends that when the New York State Department of Motor Vehicles learned of the use of the DWI funds, it advised the respondent that that money could not be used to supplement a District Attorney’s salary. Respondent relates that upon being advised that the DWI funds would be stopped if used to enhance the District Attorney’s salary, the Board voted at its March 16, 1990, meeting to cease paying the District Attorney the extra money. Petitioner replies that the source of his compensation is no concern to him, and that die could not have been paid compensation for extra duty with respect to the Stop DWI program, because under subdivision (1) of section 700 of the County Law he is already obligated to prosecute all crimes and offenses occurring within the county.
The determinative issue is upon what date the term of office commenced. On January 1, 1990, the established salary was $26,500. Arguably, on January 5, 1990, the established salary was $50,000. Since the law is clear that the salary cannot be raised or lowered during the term of office, the date of commencement of the term is critical.
Case law indicates that when a statute is silent as to when a *523 term of office commences, the rule is that the term of office will commence upon the "election and proper qualification” of the officeholder (Joseph v Crosi, 277 App Div 351, 353, affd 301 NY 742). However, when the date of commencement of the term of the elective office is specifically fixed by subdivision (1) of section 4 of the Public Officers Law as the first day of January next after the election, there is no basis for the term of the successful candidate commencing on any other date (Matter of Engel v Board of Elections, 144 AD2d 175, 177). Here, Public Officers Law § 4 (1) and County Law § 201 shall be construed as meaning that the term of a District Attorney commences on January 1 of the year following his or her election for purposes of determining what the salary for the position is. Consequently, the petitioner’s salary was fixed at $26,500 on the date he assumed office, and, by statute, cannot be increased or decreased during his term.