■ In the Matter of ROBERT L. SCHULZ et al., Appellants, et al., Petitioners, v HORSEHEADS CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Respondents. [634 NYS2d 792] —Peters, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered February 13, 1995 in Chemung County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the complaint/petition for failure to state a cause of action.

After the rejection of two proposed budgets by the voters of the Horseheads Central School District, respondent Horseheads Central School District Board of Education (hereinafter the Board) voted to adopt an austerity budget for the 1994-1995 school year and levy the necessary taxes pursuant to Education Law § 2023. Petitioners, registered voters and taxpayers who, with the exception of petitioner Robert L. Schulz, reside in the School District, commenced this combined action/proceeding in September 1994 alleging, *inter alia*, that the adoption of the austerity budget violated various provisions of the NY Constitution and the US Constitution.* Petitioners therein sought a declaration that Education Law § 2023 and Civil Service Law § 209-a (1) (e) are unconstitutional based upon such violations. Following joinder of issue, respondents moved to dismiss the complaint for, *inter alia*, failure to state a cause of action. Supreme Court partially granted the motion and dismissed the complaint. Petitioners appeal.

We note preliminarily that petitioners have standing pursuant to State Finance Law § 123-b to maintain this proceeding (*see*, *Matter of Schulz v Cobleskill-Richmondville Cent. School Dist. Bd. of Educ.*, 197 AD2d 247; *Board of Educ. v State of New York*, 111 AD2d 505, *lv dismissed* 66 NY2d 603, 854) since petitioners have "clearly trace[d]" the funds expended by the District to identifiable State funds (*Matter of Schulz v*

---

* Petitioners allege that passage of the austerity budget pursuant to Education Law § 2023 violated NY Constitution, article I, §§ 6, 7 and 9 and article II, § 1. They further allege that the same budget violated the 1st, 5th, 13th and 14th Amendments of the US Constitution.

*Cobleskill-Richmondville Cent. School Dist. Bd. of Educ., supra,* at 251). The record reflects that of the $37 million austerity budget, almost $22 million thereof constituted State funds.

We find no merit to petitioners' contention that Education Law § 2023, the authorization for the passage of an austerity budget, should be declared unconstitutional because it abridges their right to a meaningful vote pursuant to NY Constitution, article II, § 1. This constitutional provision was not intended to regulate the mode of elections, but rather the qualifications of voters (*see, Matter of Blaikie v Power,* 13 NY2d 134, 140, *appeal dismissed* 375 US 439). Moreover, it has previously been found to be inapplicable to school district elections (*see, Turco v Union Free School Dist. No. Four,* 43 Misc 2d 367, *affd* 22 AD2d 1018, *lv denied* 16 NY2d 483). Since the Board may only levy a tax for "ordinary contingent expenses" when an austerity budget is passed (Education Law § 2023) and since such levy can be appropriately challenged pursuant to Education Law § 2024, we find no constitutional infirmity.

As to petitioners' contentions that the statutes authorizing the Board to pass an austerity budget and levy taxes violate various State and Federal due process protections (*see,* NY Const, art I, §§ 6, 7, 9 [1]; US Const 1st, 5th, 13th, 14th Amends), again we find no merit. The "challenged provision is reasonable in relation to its subject and adopted in the interests of the community" (*Treyball v Clark,* 65 NY2d 589, 590). The Legislature has a constitutional mandate to support and provide public education to the children of this State (*see,* NY Const, art XI, § 1) and Education Law § 2023 provides the statutory mechanism for ensuring that the constitutional obligation is fulfilled. In so noting, we further reject petitioners' contention that Education Law § 2023 fosters a deprivation or taking of property without adequate remedy or compensation (*see,* US Const 14th Amend; *Matter of Schulz v Cobleskill-Richmondville Cent. School Dist. Bd. of Educ., supra,* at 252) since a remedy is provided to the taxpayers pursuant to Education Law § 2024.

Petitioners also challenge the constitutionality of Civil Service Law § 209-a (1) (e) which requires a public employer to continue all of the terms of an expired agreement until a new agreement is negotiated. Were we to find that petitioners had alleged sufficient facts to constitute a justiciable controversy, we would still be constrained to affirm the judgment, since petitioners do not have a constitutional right to vote on school district budgets. Further, since the reasonableness and public purpose behind Civil Service Law § 209-a (1) (e) has already been judicially recognized (*see, Association of Surrogates &*

*Supreme Ct. Reporters v State of New York*, 79 NY2d 39), dismissal of the cause of action was appropriate.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.