(October 21, 1997)

■ In the Matter of ERIC N. VITALIANO et al., Petitioners, v JOHN D. D'EMIC et al., Respondents. (Proceeding No. 1.) In the Matter of PATRICIA M. QUINN et al., Appellants, v ERIC N. VI-TALIANO, Respondent, et al., Respondents. (Proceeding No. 2.) [663 NYS2d 627] —In a proceeding, *inter alia*, pursuant to Election Law § 16-102 to invalidate petitions designating Eric N. Vitaliano as the candidate of the Fare Deal Party for the public office of Representative in Congress from the 13th Congressional District in the general election to be held on November 4, 1997, the appeal is from so much of an order of the Supreme Court, Kings County (Garry, J.), dated October 9, 1997, as denied the petition and dismissed the proceeding.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is granted, the designating petitions are invalidated, and the matter is remitted to the Board of Elections of the City of New York to remove the name of Eric N. Vitaliano from the ballot as the candidate of the Fare Deal Party for the public office of Representative in Congress from the 13th Congressional District.

The respondent candidate could have commenced collecting signatures for his nominating petition only after the filing of a certificate by the State Board of Elections indicating the occurrence of a vacancy in the office of Representative in Congress for the 13th Congressional District (*see*, Election Law § 4-106 [4]; *Matter of Engel v Board of Elections*, 144 AD2d 175, 176; *cf.*, *Matter of Valentine v Greene*, 27 NY2d 662). Although the certification was required to be filed within three days after the occurrence of the vacancy, i.e., by August 5, 1997 (Election Law § 4-106 [4]), no certification was filed here until August 12, 1997. Any prejudice which may have occurred as a result of this delay could have been negated had the candidate commenced a proceeding to compel the filing of the certification. The court could then, as conceded by the parties, have extended the time period for the candidate to collect signatures (*see*, Election Law § 6-158 [10], [13]).

Since the signatures collected prior to the date of certification are not valid, the petition contains less than the required number of signatures necessary to place the name of Eric N.

Vitaliano on the ballot. Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.