OPINION OF THE COURT
Thomas J. McNamara, J.
In September 2000 the District Attorney in Albany County submitted his resignation effective September 19, 2000. Public Officers Law § 42 (1) provides that if a vacancy occurs before September 20 in an office authorized to be filled at a general election the office shall be filled at the next general election. The resignation of a District Attorney creates a vacancy in that office (Public Officers Law § 30) and the office is to be filled at a *417 general election (NY Const, art XIII, § 13 [a]). Plaintiff, an attorney duly licensed to practice law in this State and a resident of Albany County enrolled in the Democratic Party,* instituted this declaratory judgment action seeking to have Public Officers Law § 42 (1), as it applies to the facts and circumstances here, declared unconstitutional and in violation of article I, § 1 of the New York State Constitution which provides:
“No member of this state shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers, except that the legislature may provide that there shall be no primary election held to nominate candidates for public office or to elect persons to party positions for any political party or parties in any unit of representation of the state from which such candidates or persons are nominated or elected whenever there is no contest or contests for such nominations or election as may be prescribed by general law.”
Plaintiff contends that by requiring the vacancy to be filled at the next general election, Public Officers Law § 42 (1) has deprived him of his right, secured by article I, § 1, to participate in a primary election. However, Public Officers Law § 42 (1) does not provide that a primary election will not be held where a vacancy occurs before September 20. The section only provides that the vacancy be filled at the next general election. That the election is held without the possibility of a primary is the result of the operation of Election Law § 6-116 which provides:
“A party nomination of a candidate for election to fill a vacancy in an elective office required to be filled at the next general election, occurring after seven days before the last day for circulating designating petitions or after the holding of the meeting or convention to nominate or designate candidates for such, shall be made, after the day of the primary election * * * by a majority vote of a quorum of the members of a county committee or committees last elected in the political subdivision *418 in which such vacancy is to be filled, or by a majority of such other committee as the rules of the party may provide.”
In providing that the party nomination of a candidate is to be made by a county committee of the party, Election Law § 6-116, not Public Officers Law § 42 (1), precludes a primary election in the circumstances at issue. That aside, the application even after consideration of the merits must nonetheless be denied.
While the article I, § 1 prohibition against disenfranchisement extends to the right to participate in the nomination of candidates, the Legislature may regulate the right within reasonable limitations (Matter of Davis v Board of Elections, 5 NY2d 66; Cox v Katz, 30 AD2d 432, affd 22 NY2d 903). The constitutionality of the challenged statute, therefore, depends on whether the scheme chosen by the Legislature for filling a vacancy which occurs after one of the events in Election Law § 6-116, but before September 20, is reasonable though it precludes a primary election; keeping in mind that legislative enactments are entitled to a presumption of constitutionality and that those who challenge statutes bear a heavy burden of proving unconstitutionality beyond a reasonable doubt (City of New York v State of New York, 76 NY2d 479, 485).
To properly evaluate the procedure chosen by the Legislature for filling such a vacancy, note must be taken of the alternatives available to it. New York State Constitution, article XIII, § 3 provides that the “legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy.” Thus, in circumstances such as those found here, the vacancy could only be filled by an appointed officer through December 31 following the general election. If the office was not filled at the general election, the office would again be vacant after December 31. Furthermore, in the light of the command in section 3, the Legislature was obligated to provide a mechanism to fill vacancies. The scheme it devised with respect to vacancies in the office of District Attorney, and certain other offices, includes limited appointed terms (County Law § 400 [7]) and special elections (Public Officers Law § 42 [3]) all the while pointing to have the vacancy permanently filled in the next general election. In enacting Public Officers Law § 42 and Election Law § 6-116 the Legisla *419 ture opted to continue the pattern of filling vacancies at the next general election even in circumstances where it occurred too late to allow for a primary election. Given the prudent constitutional limitation on appointments to fill vacancies and the obligation to fill vacancies, the legislative determination to fill vacancies in offices at the next general election, even in circumstances which would thqn preclude a primary, was certainly reasonable.
The argument by plaintiff that the term served by the successful candidate in the upcoming election should be limited to the one-year balance of the unexpired term of the former District Attorney is also unavailing. The argument is nothing more than an attempt to impose his judgment that forgoing a primary election for one year represents the extent of a reasonable limitation. Moreover, the argument is at odds with New York Constitution, article XIII, § 13 (a), which provides for a District Attorney to be chosen by the electors once in every three or four years as directed by the Legislature and which in turn has been interpreted to provide for election to a full term when filling a vacancy in that office (see, Matter of McGovern v Curran, 297 NY 479; Dillon v Shaffer, 144 Misc 2d 1079; see also, 1995 Opns Atty Gen 95-30).
The statute, therefore, is constitutional and, accordingly, the relief requested is denied.
The cross motion to dismiss is denied as moot.

 Though not raised by any of the parties, plaintiff has a sufficiently cognizable stake in the outcome so as to cast the dispute in a form traditionally capable of judicial resolution and, therefore, has standing to bring this challenge (see, Community Bd. 7 v Schaffer, 84 NY2d 148).