(July 3, 2008)

In the Matter of INEZ D. BARRON et al., Appellants-Respondents, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent-Appellant. [860 NYS2d 633]—

In a proceeding pursuant to Election Law §§ 16-100 and 16-104, inter alia, to compel the Board of Elections in the City of New York to conduct a primary election to be held on September 9, 2008 for the party nominations of candidates for the public office of Member of the New York State Assembly from the 40th Assembly District for the term of office ending December 31, 2008, and a general election to be held on November 4, 2008 in order to fill the vacancy in the public office of Member of the New York State Assembly from the 40th Assembly District for the term of office ending December 31, 2008, the petitioners appeal from so much of a final order of the Supreme Court, Kings County (Schmidt, J.), entered June 27, 2008, as, upon granting the petition, sua sponte fixed Wednesday, July 2, 2008, as the commencement date for the circulation of designating petitions for the primary election to be held on September 9, 2008 for the

party nominations of candidates for the public office of Member of the New York State Assembly from the 40th Assembly District for the term of office ending December 31, 2008, and, in effect, directed the Board of Elections in the City of New York to exclude all signatures on any such designating petitions circulated prior to July 2, 2008, and the Board of Elections in the City of New York cross-appeals from so much of the final order as granted the petition.

Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements; and it is further,

Ordered that the final order is affirmed insofar as cross-appealed from, without costs or disbursements.

On or about April 8, 2008 a vacancy occurred in the public office of Member of the New York State Assembly from the 40th Assembly District for the term ending December 31, 2008 due to the criminal conviction of Assembly member Diane Gordon. Thereafter, on or about April 16, 2008, the New York State Board of Elections issued a certification of vacancy pertaining to said public office. Apparently acting on her belief that the Board of Elections in the City of New York (hereinafter the Board) was required to conduct a primary election to be held on September 9, 2008 and a general election to be held on November 4, 2008 in order to fill the vacancy in the public office of Member of the New York State Assembly from the 40th Assembly District for the term of office ending December 31, 2008 (hereinafter the subject vacancy), the petitioner Inez D. Barron, a candidate for that public office, began circulating designating petitions with respect to such primary election on or about June 3, 2008.

On or about June 17, 2008 after learning that the Board would not be conducting such a primary election and general election in order to fill the subject vacancy unless a court ordered it to do so, Barron and the petitioners Andre T. Mitchell and Alice Lowman together commenced this proceeding pursuant to Election Law §§ 16-100 and 16-104, inter alia, to compel the Board to conduct a primary election to be held on September 9, 2008 and a general election to be held on November 4, 2008 in order to fill the subject vacancy. The Board opposed the petition, contending, in effect, that it was only required to hold a primary and general election to fill the public office of Member of the New York State Assembly from the 40th Assembly District for the term of office commencing January 1, 2009.

The Supreme Court granted the petition and directed the Board to conduct a primary election to be held on September 9, 2008 and a general election to be held on November 4, 2008 in

order to fill the subject vacancy. However, the Supreme Court, inter alia, also directed "that the period for circulating designating petitions by candidates for the September 9, 2008 Primary Election for the Public Office of Member of Assembly from the 40th Assembly District to fill the vacancy in the term of office ending December 31, 2008 shall . . . commence on Wednesday, July 2, 2008." In a memorandum decision dated July 1, 2008, the Supreme Court stated that Barron had obtained an unfair advantage over other possible candidates for the subject vacancy in that she had started circulating designating petitions with respect to the primary election for the party nominations of candidates for election to the subject vacancy at a time when other possible candidates may not have been aware that a primary election, and a general election, would be held in order to fill the subject vacancy.

The Supreme Court properly directed the Board to conduct a primary election to be held on September 9, 2008 and a general election to be held on November 4, 2008 in order to fill the subject vacancy. Pursuant to Public Officers Law § 42 (1), "[a] *vacancy* occurring before September twentieth of any year in any office authorized to be filled at a general election . . . *shall* be filled at the general election held next thereafter . . . unless previously filled at a special election" (emphasis added). Pursuant to Public Officers Law § 42 (4), "[a] special election shall *not* be held . . . to fill a vacancy . . . in the office of member of assembly, *unless the vacancy occurs before the first day of April of the last year of the term of office,* or unless the vacancy occurs in [the] office of . . . member of assembly after such first day of April and a special session of the legislature be called to meet between such first day of April and the next general election or be called after September nineteenth in such year. If a special election to fill an office shall not be held as required by law, the office shall be filled at the next general election" (emphasis added).

Here, the subject vacancy occurred after April 1, 2008 and no special election to fill the subject vacancy was called (*see* Public Officers Law § 42 [4]). However, pursuant to Public Officers Law § 42 (1), because the subject vacancy occurred prior to September 20, 2008, the subject vacancy must be filled at the general election to be held on November 4, 2008 (*see* Public Officers Law § 42 [1]; *Matter of Engel v Board of Elections of State of N.Y.,* 144 AD2d 175 [1988]; *Matter of Wilkins v Calvert,* 158 App Div 523 [1913]). Accordingly, the Supreme Court properly directed the Board to conduct, on November 4, 2008, a separate election for the subject vacancy in addition to the election for

the public office of Member of the New York State Assembly from the 40th Assembly District for the term of office commencing January 1, 2009 (*see Matter of Engel v Board of Elections of State of N.Y.,* 144 AD2d 175 [1988]; *Matter of Wilkins v Calvert,* 158 App Div 523 [1913]), as the Board concededly has done before.

Contrary to the Board's contention, "there is no authority in law or logic for the premise that the victorious candidate for the office for the term commencing [Jan. 1, 2009] should be permitted to fill the unexpired portion of a completely different term" (*Matter of Engel v Board of Elections of State of N.Y.,* 144 AD2d at 177). In fact, Public Officers Law § 4 (1) expressly provides that "[t]he term of office of an elective officer, *unless elected to fill a vacancy then existing,* shall commence on the first day of January next after his [or her] election, if the commencement thereof be not otherwise fixed by law" (emphasis added; *see Matter of Engel v Board of Elections of State of N.Y.,* 144 AD2d at 177).

Moreover, because a general election must be held to fill the subject vacancy, a primary election also must be held to determine the party nominations of candidates for election to the subject vacancy (*see* Election Law § 6-110). Notably, the New York State Legislature has, in effect, approved the use of a primary election under the circumstances presented herein, since it deemed the circulation of designating petitions the appropriate mechanism for the party nomination of a candidate for election to fill a vacancy in an elective office required to be filled at the next general election, as long as, like the instant matter, the vacancy occurs more than seven days before the last day for circulating designating petitions (*see* Election Law §§ 6-116, 6-118; *cf. Dorfman v Berman,* 186 Misc 2d 415 [2000]).

However, the Supreme Court erred in fixing Wednesday, July 2, 2008 as the commencement date for the circulation of designating petitions for the primary election to be held on September 9, 2008 for the party nominations of candidates for election to the subject vacancy, rather than acknowledging the proper date as June 3, 2008, as provided by the Election Law (*see* Election Law § 6-134 [4]; § 6-158 [1]). The Supreme Court characterized Barron as having an unfair advantage vis-à-vis other possible candidates for the subject vacancy, in that she apparently had a "head start" in circulating designating petitions with respect to such primary election. In fact, Barron simply assumed that the Board was required to follow the aforementioned provisions of the Public Officers Law and the Election Law regarding the filling of vacancies, as it had done before, and

conducted herself accordingly in beginning to circulate designating petitions on or about June 3, 2008. Under such circumstances, there is no reason to penalize Barron, even if other candidates were not aware that a primary election and general election must be held in order to fill the subject vacancy (*cf. Sharpe v Como*, 2007 WL 1175221, 2007 US Dist LEXIS 28977 [ED NY 2007]). Moreover, the Supreme Court's direction to the Board, in effect, to exclude all signatures on any designating petitions circulated prior to July 2, 2008, with respect to the primary election to be held on September 9, 2008, for the party nominations of candidates for election to the subject vacancy might have the impermissible effect, under the circumstances, of disenfranchising those voters who lawfully signed those designating petitions (*see generally Matter of Farbstein v Suchman*, 26 NY2d 564, 566-567 [1970]; *Matter of Phillips v Suffolk County Bd. of Elections*, 21 AD3d 509, 510-511 [2005]). Fisher, J.P., Miller, Angiolillo and Balkin, JJ., concur.