Matter of Moody v New York State Bd. of Elections (2018 NY Slip Op 06800)





Matter of Moody v New York State Bd. of Elections


2018 NY Slip Op 06800


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


7294 100678/16

[*1]In re Mark Warren Moody, Petitioner-Appellant,
v
New York State Board of Elections, et al., Respondents-Respondents.


Mark Warren Moody, appellant pro se.
Barbara D. Underwood, Attorney General, New York (Judith N. Vale of counsel), for State respondents.
Zachary W. Carter, Corporation Counsel, New York (Qian Julie Wang of counsel), for Municipal respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered December 8, 2018 (transferred to this Court from the New York Court of Appeals by order entered March 23, 2017), which denied the petition seeking a judgment declaring that New York's closed primary election regime, established pursuant to Election Law § 5-304, by requiring voters to choose a party affiliation in advance of the primary, violates the New York State Constitution, and dismissed the proceeding brought pursuant to Election Law article 16, unanimously affirmed, without costs.
It is settled law that New York's primary election enrollment deadline, which, as pertinent on this appeal, requires that registered voters change their party affiliation at least 25 days prior to the general election preceding the primary in which they intend to vote (see Election Law § 5-304[3]), is rationally related to the legitimate state interests in protecting the viability of the political party system by "inhibit[ing] party raiding" (Rosario v Rockefeller, 410 US 752, 758-762 [1972]; accord Neale v Hayduk, 35 NY2d 182, 187 [1974], appeal dismissed 420 US 915 [1975]; see California Dem. Party v Jones, 530 US 567, 574 [2000]; Matter of Walsh v Katz, 17 NY3d 336, 343 [2011]).
The New York Constitution's voter franchise protection provisions (see NY Const Art I, § 1; Art II, § 1) do not require that any heightened scrutiny, beyond that afforded under the U.S. Constitution, be applied to the primary deadline provision. Thus, while the disenfranchisement protections of Article I, § 1, do extend to primary elections, the state nonetheless retains "plenary power ... to promulgate reasonable regulations for the conduct of elections" (Matter of Davis v Board of Elections of City of N.Y., 5 NY2d 66, 69 [1958]; see Cox v Katz, 30 AD2d 432, 436 [1st Dept 1968], affd 22 NY2d 903 [1968]; Dorfman v Berman, 186 Misc 2d 415, 418 [Sup Ct, Albany County 2000]). Likewise, Article II, § 1, "was not intended to regulate the mode of elections, but rather the qualification of voters" (Matter of Schulz v Horseheads Cent. School Dist. Bd. of Educ., 222 AD2d 819, 820 [3d Dept 1995], appeal dismissed 87 NY2d 967 [1996]; see Matter of Blaikie v Power, 13 NY2d 134, 140 [1963], appeal dismissed 375 US 439 [1964]), and thus does not curtail the Legislature's otherwise "broad authority ... to establish rules regulating the manner of conducting both special and general elections" (Eber v Board of Elections of County of Westchester, 80 Misc 2d 334, 336 [Sup Ct, Westchester County 1974], appeal dismissed 35 NY2d 848 [1974]).
Section 5-304(3)'s reference to the "general election" is not unconstitutionally vague with respect to the primary enrollment deadline for presidential primaries. The Election Law directs that "[t]he general election shall be held annually on the Tuesday next succeeding the first [*2]Monday in November" (Election Law § 8-100[1][c]). Viewed as a whole, the Election Law gives persons of ordinary intelligence fair notice of what they must do to meet the primary enrollment deadline, and likewise provides "officials with clear standards for enforcement" (People v Stuart, 100 NY2d 412, 420 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK