### (July 20, 1962) *

■ In the Matter of JOHN P. KANE, Respondent, v. REPUBLICAN COUNTY COMMITTEE OF THE TOWN OF HUNTINGTON, Appellant.— In a proceeding pursuant to section 330 of the Election Law, the appeal is from an order which

grants the petition to the extent of directing the officers of appellant to make available and deliver to respondent certain information within the possession of the officers of appellant, i.e., the names and addresses of all the members of the appellant as of June 6, 1962; the tabulations by committeeman of the ballots taken at a meeting of the appellant held June 6, 1962, with reference to the preference of its members for the Republican designation for nomination for State Assemblyman; and the names of those members of appellant voting by proxy at said meeting together with the names of members voting such proxies. Order modified on the law by striking from the first ordering paragraph everything following the word and figures "June 8, 1962" and by substituting therefor the words "and it is further", and as so modified, order affirmed, without costs. The findings of fact are affirmed. On June 6, 1962, a meeting was called by appellant to ascertain, among other things, whether its members had any preference for designation as the nominee of the Republican party for State Assemblyman for the Third District. At said meeting four names, including respondent's, were placed in nomination. After three ballots none of the candidates received a majority of the votes cast and respondent was second to one John G. McCarthy. Thereafter, on June 8, 1962, at a meeting of the Suffolk County Republican Committee convened for the purpose, among other things, of designating a candidate to run for said position in the primary election to be held on September 6, the members, by a majority vote, designated the said McCarthy as its candidate. Respondent instituted this proceeding to obtain the aforesaid information for the sole purpose of enabling him to ascertain the names of those members who supported him at the June 6 meeting so as to obtain their signatures on his primary designating petition. In our opinion, the Supreme Court does not have jurisdiction under section 330 of the Election Law to grant the relief requested. The court possesses only such summary jurisdiction in election matters as is expressly provided by statute. (*Matter of Southard* v. *McGann*, 279 App. Div. 588; *Matter of Reich* v. *Bosco*, 21 Misc 2d 973, affd. 9 A D 2d 919.) The opening paragraph of section 330 expressly limits the powers of the court "to any of the subjects set forth in this section". It is not claimed by respondent that he seeks the requested information for the purpose of objecting to or disputing the designation of his opponent as the nominee for the position of Assemblyman. The relief requested by respondent in this proceeding does not involve a determination of a "question of law or fact" raised by an aggrieved candidate as to the "designation of any candidate" or the "nomination of any candidate". The facts set forth in the petition do not entitle respondent to invoke the summary jurisdiction of the court. However, respondent is entitled to inspect the records of the appellant to ascertain the names and addresses of all the members of appellant. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.