Memorandum. The successful candidate for the State Democratic Committee (Female) and coleader of the 52nd Assembly
 
 *151
 
 District appeals by permission from an order directing a new election in a proceeding brought by the unsuccessful candidate under section 330 of the Election Law. Special Term ordered the new election, and the Appellate Division, Second Department, unanimously affirmed.
 

 Out of the 5,250 votes cast in the primary, 136 have been invalidated and declared irregular, no fraud being involved. Despondent ’s plurality was 62 votes. A new election was ordered because “ it is not beyond likelihood that the small difference of 62 votes could be altered in a new election.”
 

 A new election may be ordered when the ‘ ‘ irregularities * * * render impossible a determination as to who rightfully was * * * elected” (Election Law, § 330, subd. 2). Such invalidation will not be directed on the
 
 "
 
 mere mathematical possibility that the results could have been changed ’ ’.
 
 (Matter of Badillo
 
 v.
 
 Santangelo,
 
 15 A D 2d 341, 342.) The burden lies with the party attempting to impeach the results to show that the “ irregularities are sufficiently large in number to establish the probability that the result would be changed by a shift in, or invalidation of, the questioned votes ”,
 
 (Matter of Ippolito
 
 v.
 
 Power,
 
 22 N Y 2d 594, 597-598; see, also,
 
 Matter of Stevenson
 
 v.
 
 Power,
 
 27 N Y 2d 152 [decided herewith].)
 

 Considered against these standards the irregularities herein do not warrant invalidation of the election. Although the successful candidate was elected on the strength of only 50.6% of the vote, her majority would not be lost unless 99 votes—i.e., 72.8% — of the irregularities were cast in her favor. It taxes credulity to assume that, in so close a contest, such an extreme percentage of invalid votes would be cast in one direction. In the conceded absence of fraud, a valid determination is not rendered impossible (Election Law, § 330, subd. 2), by the remote possibility of a changed result (compare
 
 Matter of Straus
 
 v.
 
 Power,
 
 22 N Y 2d 886).
 

 Accordingly, the order of the Appellate Division should be reversed and the petition dismissed.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
 

 Order reversed, without costs, and petition dismissed in a memorandum.