■ In the Matter of ALLARD K. LOWENSTEIN et al., Appellants, v. WILLIAM F. LARKIN et al., Constituting the Board of Elections of the City of New York, Respondents.— Judgment of the Supreme Court, Kings County, dated September 1, 1972, reversed ·on the law, without costs, and a new primary election for the nominations involved is directed to be held on September 19, 1972. No questions of fact have been considered. In our opinion, the evidence presented at Special Term, much of it uncontradicted, establishes that this primary election was "characterized by such * * * irregularities as to render impossible a determination as to who rightfully was nominated" (Election Law, § 330, subd. 2). While we find no evidence of fraud per se, we think this was one of those ·rare elections "conducted so badly that even though illegality of specific votes cannot be attributed to the misconduct, still it must be found that the resultant mischief held such potential for changing the result that every dictate of fairness and protection of the voters' franchise demands a new election." (*Matter of DeSapio* v. *Koch*, 21 A D 2d 20, 22, revd. on other grounds 14 N Y 2d 735.) A number of disinterested witnesses testified without contradiction that hundreds of voters were turned away from the polling places to which they had been directed by the Board of Elections because their buff cards could not be found. There was undisputed evidence that election inspectors ignored challenges made by petitioners' poll watchers, refused to question challenged voters under oath as to their qualifications, and kept no record of challenges made. In some of the polling places, there was active campaigning for respondent Rooney by election inspectors and others. Many of the statutory safeguards enacted to insure the integrity of the election were totally or substantially ignored by election officials. It was conceded that no attempt was made to execute the notification procedure established by section 405 of the Election Law to cancel the permanent personal registration of voters who had not voted in a general

election in two successive years. As a result, 1,317 such voters were permitted to vote in the Democratic primary while a number of other voters, similarly situated, were denied the right to vote either because their buff cards had been removed prior to the election or because an election inspector advised them at the polling place that their registrations had lapsed. The Chief Clerk of the Brooklyn Board of Elections testified that the polling place for the 23rd Election District of the 52nd Assembly District was changed at the request of the Democratic district leader less than 10 days before the election and without timely notice to the thousands of voters affected by the change, all in violation of section 66 of the Election Law, and without official sanction of the Board of Elections itself. Official challenge lists were virtually non-existent. No challenge lists were forwarded to the Brooklyn office of the Board of Elections to indicate the results of a mail check of registered voters conducted in September, 1971 nor were such lists ever requested by the Brooklyn office. Postcards returned after a mailing in June, 1972 produced a similar lack of official activity. There was testimony by a Lowenstein supporter that when he called to the board's attention a large number of mistakes in the list of enrolled voters a week or more before the election, only a small number of corrections were made and he was advised to come back *after* the election when there would be more time for corrections. The public counter discrepancy, the uncompared signature votes and the votes cast by non-Democrats establish that at least 1,920 irregular votes were cast in this election where the ostensible margin of victory was 890 votes and 29,567 votes were cast. There is more, but we think the foregoing amply supports our finding that a new election is required. A fair election is the cornerstone of democracy and we find that this election did not meet the requisite standards. Rabin, P. J., Hopkins, Munder, Shapiro and Christ, JJ., concur.