## (October 22, 1976)

■    In the Matter of JOSEPH F. LISA, Respondent, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondents, and IVAN C. LAFAYETTE, Appellant. —In a proceeding to compel the respondent Board of Elections to hold a new primary election for the Democratic nomination for the public office of Member of the Assembly for the 34th Assembly District, the appeal is from a judgment of the Supreme Court, Queens County, entered October 20, 1976, which, *inter alia,* granted the application and directed the Board of Elections to conduct a new Democratic primary election for the said office. Judgment reversed, on the law and the facts, without costs or disbursements, application denied, and proceeding dismissed. The Board of Elections of the City of New York is hereby enjoined and restrained from certifying any person as the Democratic nominee for the public office of Member of the Assembly for the 34th Assembly District, County of Queens, State of New York, pending a final determination of the proceeding by the Court of Appeals. Section 330 of the Election Law vests the Supreme Court with summary jurisdiction in election matters so as to combat the effect of fraud and to compel the conduct of fair primary elections. However, in the exercise of that jurisdiction, the court possesses no inherent power and may, therefore, exercise only such power as the Legislature has conferred upon it (see *Matter of Hogan v Supreme Ct.,* 281 NY 572; *Matter of Holley*

*[Rittenberg]*, 268 NY 484; *Matter of Kane v Republican County Committee of Town of Huntington,* 17 AD2d 707, affd 12 NY2d 658). It is undisputed that subdivision 2 of section 330 of the Election Law is the only statutory provision which is involved in the present proceeding. That subdivision provides, in part: "The court may direct * * * the holding of a new primary election where a * * * primary election has been characterized by such frauds or irregularities as to render impossible a determination as to who rightfully was nominated or elected". It would appear from the wording of that provision that it was intended by the Legislature to deal exclusively with "frauds or irregularities" in the actual voting process (see, e.g., *Matter of Lowenstein v Larkin,* 40 AD2d 604, affd 31 NY2d 654), and that the existence of any fraud or misconduct in the campaign itself, or in the prevoting process, was not intended to be covered. This is particularly evident in view of the fact that the Legislature has sought to control some of the more pernicious aspects of unfair campaigning by the criminal sanctions imposed under article 16 of the Election Law (see, e.g., Election Law, § 458) and by the more recently enacted article 16-A thereof, which requires that a Board of Elections refer any matter in which it believes a violation warranting criminal sanctions has taken place to the District Attorney of the appropriate county (Election Law, § 470, subd c). In addition, if petitioner's contention is correct, every allegedly fraudulent campaign practice perpetrated during an election campaign could become the subject of review by the courts, thereby producing an unending series of charges and countercharges between the victors and the vanquished, which would not only greatly overburden our judicial system, but our electoral process as well. We believe that the courts should not become involved in the policing of campaign literature and that subdivision 2 of section 330 of the Election Law does not provide authorization for such involvement. Were we nevertheless to decide the proceeding on its merits, it is the opinion of this court that petitioner has failed to sustain his burden of proving a causal connection between the alleged incidents of campaign fraud and the outcome of this primary election (see Election Law, § 330, subd 2). Martuscello, Acting P. J., Latham and Damiani, JJ., concur; Margett and Titone, JJ., dissent and vote to affirm the judgment, with the following memorandum: We do not concur with the majority's reading of subdivision 2 of section 330 of the Election Law and would, accordingly, affirm on the opinion of Mr. Justice Cariello at Special Term. In addition, in our opinion, the subdivision in question confers jurisdiction on the Supreme Court to review the impact of "frauds or irregularities" such as those enumerated in subdivisions 5 and 8 of section 421 of the Election Law and to order a new primary election where the circumstances warrant. The remedies provided in articles 16 and 16-A of the Election Law are not exclusive and do not prohibit a party from seeking relief pursuant to subdivision 2 of section 330 (cf. *Schwartz v Heffernan,* 304 NY 474).