■ In the Matter of JAMES V. SANGIORGIO, a Suspended Attorney. — Motion by James V. Sangiorgio, a suspended attorney whose period of suspension has been completed, for reinstatement to the roll of attorneys and counselors at law. The application is referred to the Committee on Character and Fitness for the Second Judicial Department, for investigation and report on (1) whether the petitioner has complied with this court's order of suspension, and (2) whether he presently possesses the character and fitness requisite for an attorney and counselor at law. The application will be held in abeyance, pending the committee's report. Mollen, P. J., Damiani, Titone, Lazer and Mangano, JJ., concur.

■ In the Matter of CHARLES J. PILUSO, a Suspended Attorney, Admitted under the Name, CHARLES JOSEPH PILUSO, Petitioner. — Application by Charles J. Piluso, a suspended attorney, whose period of suspension has expired, for reinstatement to the roll of attorneys and counselors at law. The matter is referred to the Committee on Character and Fitness for the Second Judicial Department, for investigation and report on (1) whether petitioner complied with this court's order of suspension, and (2) whether petitioner presently possesses the requisite character and fitness for an attorney and counselor at law. The application will be held in abeyance, pending receipt of the committee's report. Mollen, P. J., Damiani, Titone, Lazer and Mangano, JJ., concur.

■ In the Matter of CHARLES SUTTON, a Suspended Attorney. — Application by Charles Sutton, a suspended attorney, for reinstatement to the roll of attorneys and counselors at law. Application denied. Mollen, P. J., Damiani, Titone, Lazer and Niehoff, JJ., concur.

■ In the Matter of VANDER L. BEATTY, Respondent, v MAJOR OWENS, Appellant, et al., Respondent. — Appeal from a judgment of the Supreme Court, Kings County (Berkowitz, J.), dated October 21, 1982, which granted an application to set aside the Democratic Party primary election for United States Congress in the 12th Congressional District held on September 23, 1982, and directed, *inter alia,* that a new primary election for said position be held. Judgment affirmed, without costs or disbursements. While numerically the irregularities established here may not have been sufficient to justify ordering a new election (see *Matter of De Martini v Power,* 27 NY2d 149; Election Law, § 16-102, subd 3), the substantial number of forgeries coupled with evidence that voters were harassed at the polls, voters were unjustly turned away from the polls, and illegal electioneering occurred, result in this election being so permeated as to render it impossible to determine who was rightfully nominated (see *Matter of Lowenstein v Larkin,* 40 AD2d 604, affd 31 NY2d 654; Election Law, § 16-102, subd 3). Therefore, the judgment appealed from should be affirmed. O'Connor, J. P., Brown, Niehoff and Boyers, JJ., concur.

■ In the Matter of WILLIAM F. BOYLAND, Respondent, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents, and THOMAS R. FORTUNE, Appellant. — Appeal from a judgment of the Supreme Court, Kings County (Berkowitz, J.), dated October 21, 1982, which granted an application to set aside the Democratic primary election for State Assemblyman from the 55th Assembly District held on September 23, 1982, and directed, *inter alia,* that a new primary election for said position be held between candidates Fortune and Boyland. Judgment affirmed, without costs or disbursements. In view of the substantial difference between the number of irregularities and the plurality, Special Term was correct in ordering a new election (*Matter of Ippolito v Power,* 22 NY2d 594; Election Law, § 16-102, subd 3). O'Connor, J. P., Brown, Niehoff and Boyers, JJ., concur.