(July 9, 1986)

■ FLOYD H. FLAKE, Appellant, v BOARD OF ELECTIONS OF NEW YORK CITY et al., Respondents, and ALTON R. WALDON, Respondent-Respondent.—In a proceeding pursuant to Election Law article 16, *inter alia,* to enjoin the Board of Elections of the City of New York from counting any ballots upon which the petitioner's name does not appear, cast in a special election conducted on June 10, 1986, for the public office of member of Congress in the Sixth Congressional District, the petitioner appeals from a judgment of the Supreme Court, New York County (Sherman, J.), dated July 1, 1986, which dismissed the proceeding. (This appeal was transferred to this court by order of the Appellate Division, First Department, dated July 2, 1986.)

Judgment affirmed, without costs or disbursements.

On May 5, 1986, Governor Cuomo signed a proclamation directing that a special election be held on June 10, 1986, in Queens County in the Sixth Congressional District, to fill the vacancy created by the death of Representative Joseph P. Addabbo. The petitioner (candidate Flake) filed an independent nominating petition on May 19, 1986. On May 20, 1986, he filed his certificate of acceptance. According to the board's rules, the last day on which an acceptance could be filed was May 19, 1986, and by letter dated May 20, 1986, candidate Flake was informed that his nominating petition had been declared invalid, and that his name would not appear on the ballot. On May 23, 1986, the board mailed absentee and military ballots to those voters eligible to receive them. Candidate Flake's name was not listed on these ballots.

By order to show cause dated May 23, 1986, candidate Flake instituted a proceeding to have his name placed on the ballot for the special election. On May 29, 1986, the Supreme Court, Queens County (Durante, J.), ordered the board to place candidate Flake's name on the ballot as the candidate of the Unity Party.

By June 2, 1986, at the latest, candidate Flake became aware that his name had not been listed on the absentee and military ballots which had been mailed to the voters on May 23, 1986. While the failure to list his name was protested to

the board orally, he did not seek judicial intervention to rectify this omission.

A count of the votes cast on the machines following the election showed that candidate Flake received 208 votes more than candidate Waldon.

A count of the 868 absentee and military ballots revealed that candidate Waldon received 490 of these votes, while candidate Flake received 15 write-in votes. Following the count of all machine and written ballots, candidate Waldon led candidate Flake by 278 votes.

By order to show cause dated June 16, 1986, candidate Flake commenced the instant proceeding, seeking to enjoin the board from counting and canvassing any ballots upon which his name did not appear, and from certifying anyone but him as the winner.

By judgment dated July 1, 1986, the Supreme Court, New York County, denied candidate Flake's motion to invalidate the absentee and military ballots, and dismissed the proceeding.

It should be noted that the winner of the June 10 special election shall serve only until a representative chosen by the electorate at the November 1986 election takes office.

Manifestly, this case presents the court with a difficult dilemma. According to the election results reported by the Board of Elections of the City of New York, candidate Waldon is the winner. However, because candidate Flake's name was omitted from the absentee and military ballots sent out by the board, it is possible, although not at all certain, that candidate Flake would have gained more votes than candidate Waldon if Flake's name had been on those ballots. How, then, are we to cut the Gordian knot?

Candidate Flake recognizes that this court lacks the power to order a new election by reason of the Court of Appeals affirmance of a decision of this court in *Matter of Corrigan v Board of Elections* (38 AD2d 825, *affd* 30 NY2d 603; *see also, Matter of Conroy v Levine,* 62 NY2d 934). Therefore, he seeks, instead, to be declared the winner of the election by having the court determine all absentee and military ballots to be void. In short, he asks us to disenfranchise 853 voters who cast their ballots for other candidates, including the 490 who cast their ballots for candidate Waldon. We are asked to penalize candidate Waldon for the inaction of candidate Flake, and for the action taken, not by Waldon, but by the Board of Elections. Is that the appropriate remedy under the circum-

stances? We think not. Candidate Flake learned, not later than June 2, 1986, eight days prior to the election, that absentee and military ballots without his name on them had already been mailed out, and that the board would not mail out new ballots. Although it appears that there was sufficient time for a court to rectify the omission, candidate Flake failed to seek any affirmative relief from the court which had ordered his name on the ballot. In a word, he slept on his rights and allowed the election to go forward with full knowledge that his name would not appear on the absentee and military ballots. Under the provisions of Election Law § 16-104 (1) the "content of any ballot, or portion thereof, to be used in an election * * * may be contested in a proceeding instituted in the supreme court by any aggrieved candidate". Clearly, that provision contemplates action prior to the election rather than subsequent thereto.

In now asking us to declare him the winner, candidate Flake, in effect, seeks to take advantage of his own inaction at the expense of voters who voted for candidate Waldon and to deny candidate Waldon the office in the absence of any wrongdoing on Waldon's part. We have been unable to find any legal precedent which would justify our taking that drastic course of action. The dilemma presented to us could have been avoided by prompt action by candidate Flake. He charted his own course and must be held to it. Under the circumstances, we believe that we cannot do anything but affirm the judgment appealed from. Niehoff, J. P., Rubin, Kooper and Spatt, JJ., concur.