OPINION OF THE COURT
Vincent E. Doyle, J.
Motion by plaintiff pursuant to CPLR 3212 for an order striking defendants’ answer and for summary judgment for declaratory relief as alleged in plaintiff’s complaint that the term of office of District Attorney of Erie County to which plaintiff was elected on November 8, 1988 is for a term of four years.
At the general election of November 1985, Richard Arcara was elected to a four-year term as District Attorney of Erie County commencing January 1, 1986 and terminating December 31, 1989. On the resignation of Richard Arcara from the District Attorney’s Office on May 31, 1988, plaintiff was appointed by the Governor to serve as Erie County District Attorney through December 31, 1988. Subsequently, the Erie County Clerk certified to the Erie County Board of Elections that the vacancy in the Office of District Attorney would be filled at the November 1988 general election. Plaintiff filed designating petitions with the Erie County Board of Elections on July 13, 1988 listing the office sought as "District Attorney (To Fill a Vacancy), County of Erie, State of New York.” The ballot at the general election described the office to be filled as "District Attorney (To Fill Vacancy).” Prior to the election, and on February 23, 1988 the Erie County Attorney in writing advised the Erie County Board of Elections that the person elected to fill the office of District Attorney in November 1988 would serve only for the remainder of Richard Arcara’s four-year term. On October 3, 1988, the Executive Director of the New York State Board of Elections wrote a letter to defendant Edward J. Mahoney, Erie County Commissioner of Elections, stating that the 1988 election for the office of District Attorney should be to a new four-year term. Subsequently, after a meeting of the Commissioners of the Erie County Board of Elections with the Erie County Attorney, the ballot prepared and printed for the November 1988 election contained at the *1081 space numbered "10” the words, "District Attorney, (To Fill Vacancy) (Vote For One).” On October 23, 1988, the New York State Attorney-General issued an opinion stating that at the general election, the office of Erie County District Attorney would be filled for the remainder of Mr. Arcara’s four-year term.
At the general election held on November 8, 1988, plaintiff was elected Erie County District Attorney. On February 22, 1989, plaintiff commenced this action for a declaratory judgment declaring that plaintiff was elected for a four-year term as Erie County District Attorney, commencing January 1, 1989 and expiring on December 31, 1992.
In April 1989, defendants Commissioners Edward J. Mahoney and Philip D. Smolinski moved to dismiss plaintiff’s complaint pursuant to CPLR 3211 (a) (5) and (7) on grounds that: (1) since plaintiff failed to first commence a proceeding before the election challenging the form and/or content of the election ballot pursuant to the provisions of Election Law § 16-104, he is now time barred from bringing the present action, and (2) the complaint did not state a cause of action against the defendant Commissioners. Also, at the same time, defendant, New York State Board of Elections, Melvin S. Barasch, Chairman, moved to dismiss the complaint on the ground it failed to state a cause of action and on other grounds. This court in its decision dated May 5, 1989, denied both the motions of the defendant Commissioners of the Erie County Board of Elections and the Chairman of the New York State Board of Elections.
The defendant Commissioners of the Erie County Board of Elections assert, once again, in a first affirmative defense in their answer that plaintiff is now time barred from bringing this action based upon his failure to commence a proceeding under the provisions of Election Law § 16-104 challenging the form and/or content of the election ballot, thus, necessitating further discussion of this same issue.
The provisions of Election Law § 16-104 provide in pertinent part as follows: "(1) [t]he form and content of any ballot, or portion thereof, to be used in an election * * * may be contested in a proceeding instituted in the supreme court by any aggrieved candidate”.
The following cases cited by defendant Commissioners, Flake v Board of Elections (122 AD2d 94, lv denied 68 NY2d 752), involving a failure to list plaintiff’s name on absentee *1082 and military ballots, Matter of Mintz v Cuomo (45 NY2d 918), involving a candidate’s position on the ballot, Matter of Schoonmaker (174 Misc 461), concerning the accuracy of a party emblem on the ballot, are not dispositive of the issue as to timeliness, under the provisions of Election Law § 16-104 since they involved challenges to the "form and content” of the ballot, while in the instant case, plaintiff makes no such challenge to the ballot. Thus, since the provisions of Election Law § 16-104 are not applicable or controlling in the instant case, the defendant Commissioners’ first affirmative defense is without merit and must be dismissed.
Plaintiff claims the term of the District Attorney of Erie County is constitutionally mandated. The provisions of NY Constitution, article XIII, § 13 (a) provide in pertinent part as follows: "In each county a district attorney shall be chosen by the electors once in every three or four years as the legislature shall direct.” Also, NY Constitution, article XIII, § 3 provides in pertinent as follows: "The legislature shall provide for filling vacancies in office, and in case of elective offices, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the the commencement of the political year next succeeding the first annual election after the happening of the vacancy”.
The unequivocal import of the language of the New York Constitution is that the District Attorney of each county shall be "chosen” by the electors for one of two periods, not for an indefinite period to be subsequently defined by the Legislature. The power attempted to be exercised by the defendant Commissioners in the instant case would permit the defendant Commissioners to prescribe a short or long term and to shorten or lengthen the official life of the District Attorney, contrary to the clearly stated mandate of the Constitution. The only option of the Legislature in the case at bar is to prescribe either one or the other of the two periods (see, People ex rel. Eldred v Palmer, 154 NY 133). Significantly, County Law § 400 (1-c) provides: "District attorney in Erie County. The term of the district attorney of the County of Erie shall be four years”, clearly manifesting the intent of the electors of the County of Erie to elect their District Attorney for a term of four years in complete compliance with the clear language of the Constitution.
The provisions, entitled Erie County — District Attorney, of Laws of 1975 (ch 346, § 1) are stated in the form of a legislative opinion as to the intent of the electors of Erie County *1083 rather than a specific legislative enactment as was done in County Law § 400 (1-b) where it is specifically stated that: "1-b. Commencing with the general election to be held in November nineteen hundred seventy-seven and every fourth year thereafter, the district attorney of Nassau county shall be elected for a term of four years.” Even defendant Commissioners concede that language would be unequivocal notwithstanding vacancies that may occur. The failure of the Legislature to enact an equally specific provision with regard to the term of office of the District Attorney of Erie County is not mere legislative oversight, but rather an express declaration that once elected a District Attorney of Erie County shall serve for a four-year term. Also, the language of NY Constitution, article XIII, § 3 clearly directs (1) that an appointee, as here, to fill a vacancy, is prohibited to hold office beyond the first day of January of the next year and (2) that the term of office of the official (here, the plaintiff) elected on November 8, 1988 began on January 1, 1989. As previously stated, the duration of that term was for no less than three or more than four years. Moreover, prior to the election of November 8, 1988 the Erie County Clerk certified to the defendant Commissioners that the term of the office of Erie County District Attorney was a full four years; nor did the plaintiffs designating petitions filed with the defendant Commissioners on July 13, 1988 or the election ballot contain any language to the contrary. In fact, both plaintiffs designating petitions and the election ballots were completely devoid of any language regarding the duration of the term. The certification of the Erie County Clerk fixing the term of office at four years complies with public policy that the term of office of an elected officer shall be fixed before election. It renders fixed and stable the term of office and prevents, as here, an attempted exercise of legislative power by defendant Commissioners shortening the plaintiffs term of office to which he was elected.
Hence, the contention of defendant Commissioners that plaintiff was elected only to fill the remainder of the predecessor’s four-year term to expire on December 31, 1989 ignores the plain meaning of the constitutional provisions and the information as to the duration of plaintiffs term upon which information the electors elected the plaintiff to the office of District Attorney of Erie County at the election conducted on November 8, 1988 for a four-year term commencing January 1, 1989.
For all of the reasons above stated, the second and third *1084 affirmative defenses alleged in the answer of the Commissioners of the Erie County Board of Elections are also dismissed. Hence, plaintiffs motion for summary judgment is granted, except that no costs shall be assessed against defendant New York State Board of Elections.