■ In the Matter of FRANK SANSIVIERI, JR., Respondent, v PAMELA L. FISHER, Appellant, et al., Respondents.—In a pro-

ceeding, *inter alia,* to set aside the results of a primary election held on September 12, 1991, for the nomination of the Democratic Party as its candidate for the public office of member of the New York City Council from the 30th Council District, the appeal is from a judgment of the Supreme Court, Queens County (Di Tucci, J.), dated October 7, 1991, which granted the application to the extent of setting aside the results of the election, and directed that a new primary election be held on October 22, 1991.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

The petitioner has failed to meet his burden of showing that the "irregularities are sufficiently large in number to establish the probability that the result would be changed by a shift in, or invalidation of, the questioned votes" so that there should be a new election *(Matter of Ippolito v Power,* 22 NY2d 594, 597-598; *see also, Matter of De Martini v Power,* 27 NY2d 149, 151; *Matter of Pfoser v Larkin,* 40 AD2d 605, *affd* 31 NY2d 656). The percentage of the irregularities which would have to be attributable to the successful candidate in order for her to lose her plurality did not establish such a probability. We therefore reverse the judgment appealed from, and dismiss the proceeding. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.