OPINION OF THE COURT
Fred A. Dickinson, J.
This proceeding to contest the right to use the emblem and name of an independent body, the Southeast Friendship Party, which nominated Janice L. Duffy to the public office of Town Clerk of Southeast, to be voted on at the General *586 Election of November 5, 1991, pursuant to Election Law § 16-104 (1), having been brought on by order to show cause dated October 8, 1991, and having been served on the Board of Elections, the Putnam County Attorney and on Janice C. Duffy on October 9, 1991, as appears from the affidavits of service of Willis H. Stephens, Jr. and Theresa Tiren, dated October 9, 1991, and this matter having come on before the court on October 15, 1991, and the Board of Elections having appeared on that date and filed an answer, and the court having jurisdiction of this proceeding and over the parties, the court now renders the following decision and issues orders ancillary thereto:
FACTS
The facts respecting the filing and contest of the petitions for the "Citizens for a United Southeast Government” Party and the "Southeast Friendship” Party are contained in the court’s prior decision in Scolpino v Scannapieco (index No. 1380/91, Oct. 2, 1991). Suffice it to say that the former petition was filed several hours before the latter. The former petition has the emblem of an outstretched hand; the latter has the emblem of two hands shaking. The petitioners claim voter confusion by virtue of the emblems and because both petitions contain the word "Southeast”.
LAW
The Board claims the petition is untimely, pursuant to Election Law § 16-104 (3). The court, in construing the statute as a whole, rules that Election Law § 16-104 (3) relates to Election Law § 16-104 (2), regarding a contest as to the form of a proposition or amendment on the ballot and not to a contest with respect to an independent body’s name or emblem. Thus, the 14-day time period in which to contest the form of the ballot contained in Election Law § 16-104 (3) is not implicated. (Cf., Election Law § 16-104 [4].)
The petitioners seek to remove Janice L. Duffy from the ballot entirely. The court notes that no objections to the Duffy petition were filed, nor was a proceeding under Election Law § 16-102 instituted. The Board of Elections accepted the petition for filing, although it could have summarily rejected the petition on the basis of improper form. (Matter of Krupczak v Mancini, 153 AD2d 785 [3d Dept 1989]; cf., Opns St Bd of Elections No. 15 [1978].)
*587 The court is aware of conflicting authority as to whether an independent body’s name can be substituted if in conflict with another petition under Election Law § 6-138 (3). (Compare, Opns St Bd of Elections No. 15 [1978], with Carey v Chiavaroli, 97 AD2d 981 [4th Dept 1983], and Matter of Gleason v Tutunjian, 154 AD2d 834 [3d Dept 1989].) However, these cases apparently arose under Election Law § 16-102.
The court has found no case which permitted the invalidation of a petition under Election Law § 16-104, and considers it a question of first impression.
However, the central teaching of Flake v Board of Elections (122 AD2d 94 [2d Dept], lv denied 68 NY2d 752 [1986]) is that a proceeding under Election Law § 16-104 may not be brought if the court would be powerless otherwise to grant the requested relief. Because this court is without jurisdiction to hear a proceeding to invalidate a petition brought after the time period specified in Election Law § 16-102 (2), the court, under the Flake rationale, lacks power to invalidate the petition.
Nevertheless, while the court is sympathetic to the difficulties facing the Board of Elections, and the expense which may well be entailed in a change of the ballot at this late date, any possibility of voter confusion must be avoided to ensure the integrity of the electoral process. Because the "Southeast Friendship” petition contains over 15 characters, the court will abbreviate its name, and provide for the selection of a new emblem, and, in so doing, believes that the competing interests herein will be served.
CONCLUSION
Ordered, that pursuant to Election Law § 16-104 (1) and § 7-104 (2), the name of the "Southeast Friendship” Party is abbreviated to the "Friendship” Party; and it is further,
Ordered, that the emblem of the party, two shaking hands, is stricken, and Janice L. Duffy shall, by 5:00 p.m. on October 18, 1991, specify to the Board of Elections, in writing, a new emblem and on default thereof, the Board shall select a new emblem to appear on the ballot; and it is further,
Ordered, that the Board of Elections is enjoined and restrained from printing, issuing or distributing for use during the Town of Southeast general election on November 5, 1991, *588 any official ballots which do not conform to this order, and it is further,
Ordered, that the Board of Elections is authorized to use posters, pursuant to Election Law § 7-126, if it is deemed by the Commissioners to be necessary.