Paul V. Nowicki, Esq. Informal Opinion County Attorney No. 95-30 County of Rockland Allison-Parris County Office Bldg. New City, N Y 10956
Dear Mr. Nowicki:
You have informed us that effective May 3, 1995, your district attorney tendered his resignation to the Governor.[1] You have requested our opinion as to whether the person elected district attorney in November of 1995 will fill the unexpired term of his predecessor or will serve for a full four year term. Your former district attorney was elected in November 1993 to serve a four year term commencing January 1, 1994.
The State Constitution provides for a district attorney to be chosen by the electors once in every three or four years as directed by the Legislature. N Y Const Art XIII § 13(a). The Legislature has provided that the term of office of district attorney of each county outside of New York City "shall be four years commencing on the first day of January following the general election for district attorney in each respective county". County Law § 400(1-a). This language reflects an amendment in 1992. L 1992, ch 254. Vacancies in an elective county office, including district attorney, are to be filled by the Governor by appointment. Id., § 400(7).
In the case of an elective office, no person appointed to fill a vacancy "shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy". N Y Const Art XIII, §3. This provision has been implemented by State law, providing that a vacancy occurring before September 20th of any year in any office authorized to be filled at the general election is to be filled at the next general election. Public Office Law § 42(1).
Thus, it is clear under these provisions that the Governor's appointee to fill the office of district attorney may hold office only through December 31, 1995 and an election must be held to fill the office in November of 1995. Your question is whether the person elected will serve out the balance of his predecessor's term or will serve a full four year term as district attorney. There is no statutory provision that defines the term of a person elected to fill a vacancy in this office. County Law § 400(1-a) is the only statute defining the term of district attorneys outside New York City.
Without exception, the authorities we have found have concluded that a district attorney elected following the occurrence of a vacancy serves for the full term rather than the balance of his predecessor's term.McGovern v Curran, 297 N.Y. 479 (1947); Dillon v Shaffer, 144 Misc.2d 1079
(Sup Court Erie Co 1989). In Dillon, the Court observed that the language of the State Constitution requires that district attorneys be chosen for either three or four years. Dillon, supra, at p 1082. This is a reference to Article XIII § 13(a), providing for the selection of a district attorney once in three or four years as directed by the Legislature. The Court reasoned there was no constitutional authorization to fill the office of district attorney for the balance of the four-year term provided by the Legislature. Numerous opinions of the Attorney General have found that a person elected to fill a vacancy in the office of district attorney serves for a full term. 1983 Op Atty Gen (Inf) 194 and opinions cited therein. Under similar constitutional and statutory authority, it has long been held that county officers elected to fill vacancies in office serve for a full term rather than for the balance of their predecessor's term. People ex rel. Lempp v Board of Elections,224 N.Y. 633 (1918), explained by People ex rel. Bast v Voorhis,227 N.Y. 167, 172 (1919); 1903 Atty Gen Rep 376; 1911 Op Atty Gen 578; 1924 Op Atty Gen 225.
The legislative history of provisions repealed and amended when the current term provision was established in 1992 is relevant to this inquiry.
Prior to chapter 254 of the Laws of 1992 which established the present term language for district attorneys (County Law § 400[1-a]), a special provision existed in section 400 for the district attorney of Rockland County. It provided that the term of office of the district attorney of Rockland County "shall be four years from and including the first day of January next succeeding his election". McKinney's County Law (Main Volume 1991) § 400(1-c) (first set out). The legislative history of this provision indicates an intent to increase the term of district attorney in Rockland County from three to four years in order to create greater continuity and to help increase the effectiveness of the office (Bill Jacket, L 1975, ch 149, Legislative Memorandum in Support by Senator Linda Winikow and Assemblyman Eugene Levy). The language of this provision is substantively the same as current subdivision 1-a.
In our 1983 opinion, we discussed the legislative history of former subdivision 1-d of section 400, the predecessor of the current provision establishing the term of district attorneys. 1983 Op Atty Gen (Inf) 194. Subdivision 1-d included a proviso that if the election for district attorney occurred in an even-numbered year, the term would be three rather than four years. Chapter 763 of the Laws of 1976, establishing subdivision 1-d, was introduced on behalf of the District Attorney's Association. We found that the legislative history makes it clear that under former subdivision 1-d, vacancies were not to be filled for an unexpired term. Ibid. Bill Jacket L 1976, ch 763, July 9, 1976 Letter From B. Anthony Morosco Legislative Secretary of the New York State District Attorneys' Association to Judah Gribetz, Counsel to the Governor; Memorandum in Support of Senate S6363-B. The proviso was intended to return elections for district attorney to the odd numbered years, when local elections are conducted. Ibid. The drafters felt that this approach, regarding vacancies, was more desirable than an alternative approach of providing for elections for the remainder of the unexpired term. Ibid. Thus, it was understood by the drafters that prior to the amendment persons elected to fill vacancies in the office of district attorney served for a full term and the proviso was enacted as a mechanism for returning to the odd year election cycle.[2] Further, a primary purpose of the legislative proposal was to lengthen the term of district attorneys from three to four years to reduce the frequency of political campaigns. Ibid.
The current provision governing the term of district attorneys was added by chapter 254 of the Laws of 1992. The legislative history indicates that the primary purpose of the amendment was to change the term of district of Wyoming County from three to four years. New York Senate Introducer's Memorandum in Support, Senate Bill No. S7400-A. The legislative history also refers to technical amendments to section400 of the County Law, repealing subdivisions 1-a, 1-b and 1-c, apparently reflecting the fact that all district attorneys outside New York City now had four year terms. The technical amendments were not intended substantively to affect any other district attorney. Ibid. Thus, there was no intent behind the current provision, whose language is very similar to its predecessor and to the special provision for Rockland County, to change years of judicial and administrative opinions concluding that a person elected to fill a vacancy in the office of district attorney serves for a full term or for a three year term under the proviso. There is nothing in the legislative history that even suggests that deletion of the proviso contemplated the filling of an unexpired term.
We conclude that the person elected in November 1995 to fill the vacancy in the office of district attorney of Rockland County will serve for a full four year term.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
VICTORIA A. GRAFFEO
Solicitor General
[1] Mr. Gribitz's resignation to the Governor, dated May 3, 1995, included no effective date. Under section 31 of the Public Officers Law, which governs resignations, if no effective date is specified in a resignation it takes effect on delivery to or filing with the proper officer or body. Public Officers Law 31(2).
[2] We note that when subdivision 1-d was amended to establish current subdivision 1-a, the proviso was removed.