SECOND DEPARTMENT, FEBRUARY, 2000

(February 4, 2000)

■ In the Matter of WILLIAM PAROLI, JR., Respondent-Appellant, v WILLIAM PAROLI, SR., et al., Respondents, and WILLIAM EGAN et al., Appellants-Respondents. (Proceeding No. 1.) In the Matter of RICHARD M. ANDERSON, Appellant-Respondent, v WILLIAM PAROLI, SR., Respondent, WILLIAM EGAN, Appellant-Respondent, and WILLIAM PAROLI, JR., Respondent-Appellant. (Proceeding No. 2.) [702 NYS2d 625] —In consolidated proceedings, *inter alia*, pursuant to Election Law article 16 which were converted to an action for a judgment declaring the outcome of a general election for the public office of the Dutchess County Clerk held on November 2, 1999, Richard M. Anderson and William Egan appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Dutchess County (LaCava, J.), dated January 5, 2000, as, after a hearing, declared the election results in the Town of North East to be null, and directed that a new general election for the public office of the Dutchess County Clerk be held in the Town of North East between Richard M. Anderson and William Paroli, Jr.; and William Paroli, Jr., cross-appeals, as limited by his brief, from so much of the same judgment as, in effect, declined to direct that the new election be held in the entire County of Dutchess.

Ordered that the judgment is reversed insofar as appealed from, without costs or disbursements, and it is declared that

Richard M. Anderson was elected to the public office of Dutchess County Clerk in the general election held on November 2, 1999; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements.

William Paroli, Jr., the Republican Party candidate for Dutchess County Clerk, contends that the ballot in the Town of North East was inherently confusing due to the positioning of two political parties on one line. Because of this positioning, William Paroli, Jr., contends that Richard Anderson, the Democratic Party candidate for that office, received votes not intended for him. Since, prior to the election, William Paroli, Jr., failed to avail himself of affirmative relief from the court pursuant to Election Law § 16-104 in order to insure that the ballot would be changed, he may not seek relief subsequent to the election (*see, Flake v Board of Elections,* 122 AD2d 94).

The remaining arguments of William Paroli, Jr., do not warrant a new election in the entire County of Dutchess. Altman, J. P., Friedmann, Krausman and Feuerstein, JJ., concur.