OPINION OF THE COURT
Michael D. Stallman, J.
This proceeding challenges the Green Party’s senatorial pri *578 mary and nomination process. Motion sequence number 001 and a duplicative companion filing under motion sequence number 002 were submitted on October 20, 2000 and are consolidated for decision.*
In this special proceeding commenced by order to show cause for various and sundry declaratory and injunctive relief, plaintiff-petitioner pro se, Walter N. Iwachiw (Iwachiw or petitioner), essentially seeks an order invalidating the September 12, 2000 primary election for the Green Party nomination for United States Senator from the State of New York, and directing that he be listed on the ballot in the general election as the Green Party Senate candidate. The defendants-respondents New York State Board of Elections (SBE) and the Board of Elections of the City of New York (CBE) (collectively respondents) both oppose petitioner’s requests and jointly seek dismissal of the petition and the underlying proceeding. Adthough the SBE did not include a formal notice of cross motion when it served its opposition papers, the court deems the SBE’s submission as answering papers. The CBE has cross-moved for an order, pursuant to CPLR 3211 (a) (7), dismissing the petition on the ground that it fails to state a cause of action.
The main thrust of the verified petition appears to be that the Green Party senatorial primary should be voided because of the absence of uniform State-wide write-in opportunities. Petitioner also alleges, in vague, conclusory and scattershot form, that respondent and the Green Party itself violated proper procedures in the preprimary designation and objection process.
Respondents contend that petitioner’s application is untimely and that his allegations of irregularities are so totally lacking in specificity that they are patently a product of petitioner’s speculation, rather than based on any significant evidence. Defendants further assert that petitioner can neither establish the existence of any specific irregularities, nor establish that the alleged irregularities were sufficiently large in number to *579 make it probable that the result of the election would have been different.
The burden of proof always remains with the party seeking to invalidate an election. (Matter of Pfoser v Larkin, 40 AD2d 605, affd 31 NY2d 656.) The burden of proving such contentions rests squarely with petitioner as the party asserting such claim. In order to set aside the results of a primary election, petitioner must show, in accordance with Election Law § 16-102, that irregularities in the primary vote itself are sufficiently large in number to establish the probability that the result would be changed by a shift in, or the invalidation of, the questioned votes so that there should be a new election. (Matter of Lisa v Board of Elections, 40 NY2d 911.) Mere speculation that the result would be different without specific proof in admissible form that the asserted irregularities would have affected the result is insufficient as a matter of law to warrant a new primary election (see, Matter of De Martini v Power, 27 NY2d 149). Petitioner’s papers are insufficient as a matter of law. Petitioner has offered no evidence that would demonstrate that the primary result would have been affected had write-in capacity been offered in all 62 counties of the State.
Petitioner has not submitted evidence to demonstrate fraud, misconduct, or unfairness attributable to any of the other candidates or committed to the detriment of petitioner or to their benefit by the respondents. The alleged procedural irregularities in the preprimary period cannot now be bootstrapped to invalidate a primary election.
Most significantly, it is well settled that a challenge to the form of the ballot must be brought prior to, rather than subsequent to, the election at issue. (Election Law § 16-104 [1]; see also, Matter of Paroli v Paroli, 269 AD2d 340; Flake v Board of Elections, 122 AD2d 94.) The form of the ballot embraces anything on its face, including the provision or absence of write-in capacity. Petitioner had the statutory right to inspect the form of ballot prior to the primary (Election Law § 7-128) and could have challenged the form of ballot in a timely fashion.
The court notes that a challenge to current New York City Board of Elections primary procedure on the grounds that it does not afford write-in capacity unless a petition for opportunity to ballot is filed (see, Election Law § 6-164) is currently sub judice before the Court of Appeals, on a certified question from the United States Court of Appeals for the Second Circuit. (Gelb v Board of Elections, 224 F3d 149, certifi *580 cation accepted 95 NY2d 879.) In light of the pendency of Gelb and the untimeliness of petitioner’s challenge, this court does not, and should not, opine on this issue.
Moreover, petitioner’s failure to join the certified Green Party candidate for United States Senate, Mark J. Danau, as a necessary party pursuant to CPLR 1001 in and of itself is a sufficient ground for dismissal of this matter. (See, CPLR 1003.)
Petitioner’s other claims — including conclusory allegations of constitutional and statutory violations, and requests for other relief including notification to all persons around the world who accessed certain information via the Internet — are so lacking in specificity, support or merit on their face that further analysis is neither required nor possible.
In conclusion, the court finds no basis to disturb the result of the primary election and its certification. Even when viewed in a light most favorable to the pleader on this CPLR 3211 (a) (7) motion, the petition fails to state a cause of action.
Accordingly, it is ordered that petitioner’s requested relief is denied and the cross motion granted to the extent that the underlying verified petition is dismissed.

 The petition, dated September 30, 2000 but not presented to this court until October 10, 2000 when the order to show cause was signed, anomalously seeks, inter alia, relief pertaining both to the already past September 12, 2000 primary election and the upcoming November 7, 2000 general election. The court did not grant the proposed temporary restraining orders sought, which included ex parte directions to respondents to list petitioner on all ballots State-wide as the Green Party senatorial candidate.